SEELEY *vs.* CHITTENDEN and others.

Held that a motion for a new trial on the ground of newly discovered evidence and surprise, in an action commenced *after* the first day of July, 1848, was properly heard at a special term; § 359 of the code of 1848, providing that all motions may be made at a special term, except on appeals.

Before that time all motions for a new trial on account of irregularity and newly discovered evidence were, by rule 47 of the rules at law of the supreme court, established at July term, 1847, declared to be enumerated motions.

In an action commenced *before* the first of July, 1848, and then pending, the right to appeal from an order made at the special term must depend upon the 9th section of the " act to facilitate the determination of existing suits in the courts of this state;" (*Laws of* 1848, *ch.* 380,) and that section gives the right of appeal from such orders as " involve the merits of the action."

An order granting a new trial, on the ground of newly discovered evidence and for surprise, does not involve the merits of the action. The new trial is granted to ascertain what the merits of the action are.

The right of appeal, where the action was commenced after the first of July, 1848, depends upon the 349th section of the code of 1849.

That section gives the right of appeal from an order made by a single judge, in four specified cases only. 1st. Where the order grants or refuses a provisional remedy. 2d. When the order involves the merits of the action, or some part thereof. 3rd. When the order decides a question of practice, which in effect determines the action without a trial, or *precludes an appeal.* 4th. When the order is made upon a summary application in an action after judgment, and affects a substantial right.

An appeal is not authorized by the code upon the decision of a motion which involves a mere question of practice, and is addressed to the favor and discretion of the court.

THIS was an appeal from an order made by Mr. Justice Willard at the St. Lawrence special term in August, 1849, granting a new trial in this cause to the defendant Chittenden, on the ground of newly discovered evidence and surprise, with costs to abide the event. (*Reported in* 4 *Howard's Pract. Rep.* 265.) The facts of the case appear in the opinion of the court.

*James & Brown,* for the plaintiff.

*W. A. Dart,* for the defendants.

*By the Court,* CADY, J.   In February, 1848, the plaintiff was in the village of Hopkinton, in the county of St. Lawrence. He was armed with two pistols, one of which had on it a dirk. A number of persons were following him, seeking to arrest him, on suspicion that he had committed some crime at Champlain, in the county of Clinton; but no one who was in pursuit of him had any warrant against him; he threatened to kill any one who attempted to lay hands on him. He supposed they wished to arrest him to take him to Canada; he made a thrust at a person by the name of Laughlin, and also at Alonzo A. Green, a constable and one of the defendants, with a dirk, and then the defendant, Clark S. Chittenden, who was present and was a magistrate, ordered the persons present to arrest the plaintiff. Afterwards an application was made to Isaac R. Hopkins, Esq. who issued a warrant in these words:

"St. Lawrence county, ss.   To any constable of said county, greeting: You are commanded in the name of the people of the state of New-York, to apprehend Burr Seeley and forthwith to bring him before me, to answer a complaint for swindling in Montreal, made before me by Horatio A. Nelson.   Hopkinton, February 23, 1848.                    ISAAC R. HOPKINS, J. P."

That warrant was delivered to the defendant Green, by virtue of which he attempted to arrest the plaintiff, who fled, and would not submit to be arrested.   A gun was put into the hands of the defendant Green, who was by a number of persons told to shoot—and he did so, by which the plaintiff was so severely wounded in one of his legs that amputation became necessary, and he made a cripple for life; and for that injury this action was brought, and a verdict rendered for the plaintiff for $2000 damages.

The trial was commenced on Saturday, the 23d day of June, 1849, and the plaintiff rested his cause about noon on that day,

Seeley *v.* Chittenden.

at which time there was little or no evidence against the defendants Clark S. Chittenden and Artemas Kent, and a motion was then made on their behalf that, as to them, the plaintiff should be nonsuited, which motion was denied, and the counsel for those defendants excepted.  At that time, if it could be said that there was any evidence against either of those defendants, there was the most against Artemas Kent; and yet, as to him, the plaintiff was nonsuited, after all the evidence in the cause was closed.

On Monday, after the defendants rested, the plaintiff called Isaac Young as a witness, who testified, in substance, that he was present at the time the plaintiff was shot, but did not see the defendant Clark S. Chittenden at that time, but saw him four or five minutes before.  Witness was coming from the barn; he met Clark S. Chittenden going from the tavern towards the store.  Green stood a little back from the hay-scales towards the store; had nothing in his hands at that time; had a gun soon after.  Just before witness passed Chittenden, he turned round and said shoot; turned towards the tavern and passed along; that he was within four or five feet of him; he spoke pretty loud, so that they could hear him four or five rods; that he heard Chittenden say to Howe, to lock up the horse; four or five were standing by; the horse was then standing under the shed.

In August, 1849, at a special term of this court held at Canton, in the county of St. Lawrence, before Mr. Justice Willard, a motion was made on the part of Clark S. Chittenden, for a new trial upon a bill of exceptions in the case, and upon an affidavit showing that the said defendant had, after the trial, discovered material evidence not known to him at the time of the trial, and showing that the testimony given by Isaac Young could not be true, and that it was altogether a surprise upon the defendant, Clark S. Chittenden.

Justice Willard granted a new trial, on the ground of newly discovered evidence and surprise; and from that order(*a*) an

(*a*) Reported in 4 *Howard's Pract. Rep.* 265, 269.

appeal has been made by the plaintiff to the court at a general term.

Various objections have been made to the said order. First, that the motion made before Justice Willard was an enumerated motion, and could not be made at a special term; and in support of this objection the 49th rule of the supreme court of 1847, 2 *Cowen,* 586, *and* 2 *Caines,* 94, have been referred to. The last case (*Chandler and wife* v. *Trayard,*) shows that a motion for a new trial for newly discovered evidence is an enumerated motion, and the other (*Anon.*) shows that a motion for a new trial, on account of irregularity and newly discovered evidence, is an enumerated motion.

But when these decisions were made there were no special terms of the supreme court, but there were rules of court declaring what should be enumerated, and what non-enumerated motions, and on what days non-enumerated motions might be heard.

Special terms were first authorized in 1830, (*Laws of* 1830, *ch.* 185,) and what motions were non-enumerated, depended upon the rules of the court.

Whether rule 49 of 1847 applies to this action may depend upon the time when it was commenced; the papers before the court do not show when the action was commenced. If it was commenced *after* the first day of July, 1848, there can be no doubt that the motion was properly heard at a special term, for by the 359th section of the code of 1848, all motions might be made at a special term except on appeals. That section, however, was not applicable to actions commenced before the code took effect. No presumption is to be indulged for the purpose of making a proceeding erroneous. We are, therefore, to take it for granted that this action was commenced after the first of July, 1848.

But suppose the action was commenced *before* that day; then the order granting a new trial was not one from which the plaintiff could appeal.

His right to appeal must depend upon the 9th section of the "act to facilitate the determination of existing suits in the

courts of this state;" (*Laws of 71st session, ch.* 380,) and that section gives the right of appeal from such orders as "involve the merits of the action." An order granting a new trial on the ground of newly discovered evidence and for surprise, does not involve the merits of the action. The new trial is granted to ascertain what the merits of the action are.

If the action was commenced before the first of July, 1848, the appeal must be dismissed; and if commenced after that day the right of appeal depends upon the 349th section of the code of 1849. That section gives the right of appeal from an order made by a single judge, in four specified cases only:

1st. "When the order grants or refuses a provisional remedy." What is meant by a provisional remedy is shown by section 244. The order in this case neither granted nor refused a provisional remedy.

2d. "When the order involves the merits of the action, or some part thereof." The order in this case does not involve the merits of the action or any part thereof.

3d. "When the order decides a question of practice which in effect determines the action without a trial, *or precludes an appeal.*" The order in this case does not determine the action, or preclude an appeal for any previous proceeding in the cause.

4th. "When the order is made upon a summary application in an action, after judgment, and affects a substantial right." The order in this case is not of that character.

The 2d subdivision of the 11th section gives a right of appeal to the court of appeals, from a final order made by the supreme court, the superior court of the city of New-York, or the court of common pleas of the city and county of New-York, affecting a substantial right made in a special proceeding, or upon a summary application in an action, after judgment.

In the case of *Sherman and others* v. *Felt and others,* (2 *Comst.* 186,) an order in the late court of chancery had been made, taking the bill as confessed; and, upon an ex parte hearing, the chancellor granted a final decree which was duly entered in May, 1847. In September, 1847, the supreme court at a special term, on a motion made by the defendants, set

aside the order taking the bill as confessed, and all subsequent proceedings. A motion was afterwards made by the complainants at a special term, to set aside the order of the supreme court; that motion was denied. An application to re-hear was made at a general term of the supreme court, and that motion was denied; and from that order the complainants appealed to the court of appeals, and that court dismissed the appeal; and *held,* that the motion involved a mere question of practice and was addressed to the favor and discretion of the court, and that the appeal was not authorized by the code.

So in this case, the motion for a new trial was addressed to the favor and discretion of the court; and if the order granting a new trial was one from which an appeal could be had, the order ought not to be disturbed unless some well settled rule of law has been violated. And, although the attack upon the plaintiff was without excuse, there is much reason to believe that the defendant Chittenden ought not to be made responsible without another trial. I am, therefore, of opinion, that the appeal be dismissed, *but without costs.*

Order affirmed.

---

DUTCHESS GENERAL TERM, January, 1851. *McCoun, Morse, and Brown,* Justices.