Parshall *v.* Klinck.

———•◦•———

## DeWITT PARSHALL *vs.* SETH H. KLINCK.

Where, in an action upon a promissory note, the defense was payment, and the defendant, being examined as a witness, testified positively to the payment of the note, and to the particular time, manner and place of payment, and the person to whom made; and the plaintiff, on a motion for a new trial, swore that this testimony took him by surprise; that he did not previously know how, when, or where, it was claimed that the note was paid; and it appearing that to meet and explain such evidence by countervailing

testimony, at the trial, required time, to inspect entries and examine dates, &c.; and that since the trial it had been discovered that three witnesses would contradict the defendant's testimony, as to the fact of payment, on the day and at the place mentioned by him, and would testify to their presence, and to what did take place, on the day and at the place of the alleged payment; *it was held*, that this was a proper case for granting a new trial on the grounds of *surprise* and *newly discovered evidence*.

*Held, also*, that the evidence offered to be given was material, going to the merits, had been discovered since the former trial, was not cumulative, and there was no laches in not discovering it before.

ACTION upon a guaranty made by the defendant of payment of a promissory note for $200, made by O. K. Klinck, dated February. 13, 1861, payable sixty days after the date, and transferred to the plaintiff; also upon an indorsement by the defendant of a note for $175, made by O. K. Klinck, payable to the order of the defendant, and indorsed to the plaintiff. Defense, as to the note of $200, of payment, and an offer of judgment for the amount of the other note, with costs. The action was tried at the April circuit, in 1862, in Wayne county, before Mr. Justice Mason, and a jury. At the trial, Owen K. Klinck, the maker of the note, testified in behalf of the defendant, that on the 19th of April, 1861, he went to the plaintiff's bank a few minutes. after bank hours; that he found the outer door open, and went in and found James D. Westfall, teller, or William H. Parshall,. cashier, in the bank; that he said to whoever was present he had come to pay that note, the $200 note in question; that the person addressed said the books were locked up, but he would take the money and cancel the note in the morning; that the witness paid that person $200 in bills, and went away; that he made a memorandum of the payment, in his cash book, which he produced; that the last of August, or the first of September, he was informed by his assignee that the note was claimed by the plaintiff to be unpaid; that he went and saw the plaintiff, who showed him the note; that the witness told the plaintiff that the note had been paid; he said he thought not. That in July following, after the wit-

Parshall *v.* Klinck.

ness had made an assignment, he said to the plaintiff, you have two notes against me ; that the plaintiff said he would look and see ; and showed the witness the $175 note, and one of $150, which was not due, and said that was all ; and that the plaintiff never mentioned the $200 note until the last of August, or the first of September, when his assignee spoke to him about it. The defendant testified in his own behalf, that he first heard of the note, after he guaranteed it, about the middle of September ; that on one occasion he met the plantiff, and said to him, "you hold two notes with my name on," and as soon as things could be got around, the notes should be taken care of ; and the plaintiff remarked, well, get around as soon as you can ; that witness named the notes ; and that he referred to the $175 and the $150 notes. The defendant then rested. James D. Westfall, a witness for the plaintiff, testified : That he was teller in the bank in April, 1861 ; that Owen K. Klinck never paid him any money on the $200 note, never left at the bank, when the witness was there, $200 to pay this note ; that there is no entry on the bank books showing payment ; and that he never received any money without entering it. William H. Parshall, a witness for the plaintiff, testified : That he was cashier of the bank in April, 1861 ; that Owen K. Klinck never paid the $200 to him ; that the witness went to Buffalo about the first of April, returned the twenty-third, and went into the bank the morning of the twenty-fourth of that month. Robert B. Ennis, a witness for the plaintiff, testified : That he had charge of the books of the bank in April, 1861 ; that Owen K. Klinck never paid him any money to pay this note ; and never, when he was there, left any money at the bank to pay this note ; that William H. Parshall, the cashier, was absent when this note fell due. The plaintiff testified in his own behalf : That he did not tell Owen K. Klinck, at the time referred to in his testimony, that the plaintiff held but two notes against him ; that the plaintiff then held three notes against him. That two or three weeks after the $200 note

became due, he met Owen K. Klinck on the sidewalk, when the latter dunned himself in reference to this note, and said he would take it up very soon; that the plaintiff first heard that it was claimed this note was paid, about four weeks after Owen K. Klinck's assignment, which was about the first of July; that the plaintiff had several conversations with Seth H. Klinck about the notes, and the first time nothing was said about the note having been paid. The plaintiff rested. The plaintiff requested the court to charge the jury, that leaving the money with a person in the bank, under the circumstances testified to by Owen K. Klinck, was not payment of the note, unless the money was shown to have come to the plaintiff's use. The court declined, and charged to the contrary, and the plaintiff excepted. The jury rendered a verdict for the plaintiff for the amount of the $175 note and interest, disallowing the claim on the $200 note. The plaintiff moved for a new trial at the special term, upon a case containing the evidence and exceptions above stated; and also upon affidavits. It was shown by the affidavits of the plaintiff, Westfall, the teller, and Ennis, the book keeper of the bank, that the trial was commenced in the evening, after a recess for tea; that the court directed that the proofs must be, and they were, closed that evening; that the plaintiff was hurried by the court in the trial; that the plaintiff and his witnesses, Westfall and Ennis, did not know, until it was disclosed on the trial, how, when, or where the $200 note was paid, as claimed by the defendant; that there was then no means or opportunity of examining the books and papers of the bank, and thereby refreshing their recollections as to the facts; and that the plaintiff was greatly surprised by the testimony given. That they have since examined said books and papers, and can now testify of their own knowledge, in addition to what they testified on the trial, that Owen K. Klinck was in the bank shortly before the close of business on the 19th of April, 1861, and attended to some business with the plaintiff; that at that time he requested the teller to

Parshall *v.* Klinck.

charge to his account the $200 note, which the teller said he would do, if the account was good for it; that Klinck said he thought his account was good for it—if not, he would make it good in a day or two; that at the close of business that day it was found that the amount to the credit of Klinck was $140.87, and the note was not charged because the account was not good for it. That Owen K. Klinck did business with the plaintiff's bank from September, 1860, to 1st July, 1861, and had a pass book, in which was entered the deposits. That on the 24th of June, 1861, the plaintiff called his attention to the $200 note lying over, and Klinck said he thought it was charged to his account; that if it was not, he would arrange it soon. That on the 29th of June, 1861, Owen K. Klinck had a balance of his account struck upon the bank books, and took up all his checks, notes and vouchers charged; and then promised to arrange the $200 note very soon. The balance to his credit then was $95.13. That his assignment contains a preference of guaranteed paper; and that the $200 note is the only paper of that description outstanding against him. The opposing affidavits of Owen K. Klinck and Seth H. Klinck show that they deny that the trial was hurried; the former states that in September, 1861, he told the plaintiff the $200 note was paid, and he could show it by his cash book; that the plaintiff refused to look at the cash book; and that the preference of the assignment for guaranteed paper was not intended to apply to this note. The attorney for the defendant swears the trial was not hurried, but states that the court announced the proofs must be closed that evening; and he says the clause in the assignment referring to guarantied paper was not inserted in reference to this note. The motion for a new trial was denied; and the plaintiff appealed to the general term.

*T. R. Strong,* for the appellant.

*Wm. Clark,* for the respondent.

*By the Court,* E. DARWIN SMITH, J. ..It seems to me that a new trial ought to be granted in this case, on the ground of surprise and newly discovered evidence. The action, so far as it relates to any matter in dispute, is upon a promissory note for $200. This note was dated Febuary 13, 1861, at sixty days, and fell due April 17. The defense to the note is that of payment. The answer sets up that said note was by the maker, before the commencement of the suit, duly paid off, satisfied and discharged. The pleadings are not verified, and it does not appear when the action was commenced; but from a statement in the defendant's answer that an offer was made on the 16th December, 1861, to allow judgment to be taken for the amount of another note mentioned in the plaintiff's complaint, I should presume this action could not have been commencced probably before the month of December, 1861, on these notes. It was therefore competent for the defendant to prove payment, under said answer, at any time after the maturity of the note and before the commencement of the suit.

Nothing in the answer fixed any definite or certain time of payment, or in any way apprised the plaintiff of the character of the evidence to prove said payment. And the plaintiff, in his affidavit on this motion, swears "that he was greatly surprised on said trial; that he did not know until he heard the testimony of O. K. Klinck and of his brother Seth C. Klinck *how, when* or *where* it was claimed this said $200 note mentioned in the complaint had been paid." In opposition to this statement, the said O. K. Klinck swears that he told Parshall, in September, 1861, that the note was paid on the 19th of April previous; but he does not say that he then stated *how* or *where* such payment was made; whether it was made to the plaintiff in person or at the bank; and if so made, whether to the cashier or a clerk, or to which of the clerks; nor that it was made out of the usual order or course of business and after the bank was closed for the day, as he testified on the trial. I do not think, therefore, as the note

Parshall *v.* Klinck.

was not paid at maturity, and was not taken up when paid, was not paid in the usual course of business nor after bank hours to save a protest at the bank, that the plaintiff was apprised of the fact of payment, either by the answer or by Klinck, as stated, in such a manner as to enable him properly to meet this testimony of O. K. Klinck when given on the trial, and which clearly contains the first statement ever made to the plaintiff of the *particular time*, manner and *place* of payment and of the person to whom made.

The cause, it appears, was tried in the evening, as the plaintiff says, in a hurried way; and the testimony was closed that evening. After the witness Klinck testified to the payment, assuming the fact as above stated that the plaintiff and his clerk were all ignorant of such payment as they testified, it is quite apparent that the plaintiff must have been surprised by such testimony, and it seems to me that it may well be that he was unable immediately to meet the same, further than by the denial of it then made by himself and the witnesses then in attendance. When the nature of the fact is considered—payment—and when it is considered that the particular time, place and manner of payment was concealed in the breast of said Klinck till he testified on the trial, that he was testifying to a fact which discharged his own debt and discharged his surety, and that he might, if capable of testifying untruly, locate the time and place when and where he pleased, and give such attending circumstances as would help corroborate the main fact as he thought proper, or such as could not be readily met and contradicted, I think the facts present a fair case of *surprise* within the case of *Sargent* v. *Dennison*, (5 *Cowen*, 122,) and all the cases upon that head where new trials have been granted upon that ground, with that of newly discovered evidence, and particularly the case of *Seeley* v. *Chittenden*, (4 *How.* 265, and *S. C.* 10 *Barb.* 303.)

So far as Klinck was concerned it was a single transaction, and likely to be remembered if true, while in respect to Parshall it was one of numerous business transactions occuring

at his bank and not likely to be remembered by himself or his clerk, and in respect to which it seems to me it would ordinarly be quite impossible for any banker, having a large amount of similar business and transactions on hand, instantly to meet, with the proper refuting evidence, the defendant's proof of payment. It seems to me, upon the assumption that Klinck is mistaken in his testimony, or testified untruly, that it obviously required time, after the facts attending the payment as stated by him were known to the plaintiff, to find out and discover the countervailing facts to prove such error or mistakes. It required time to inspect entries and examine dates and consider and reflect upon events contemporaneous and concurring, and facts and transactions calculated to recall memory and enable witnesses to testify with distinctness and certainty. After the testimony of Klinck was given, there clearly was no time during the progress of the trial of the cause to make such examinations as were requisite to meet such testimony. I do not see, assuming that the plaintiff's affidavit is true, that he did not know until he heard such testimony of Klinck, how, when or where it was claimed that said $200 had been paid, what he could have done, during the haste and hurry of the trial, more than to deny such payment and call his clerk to testify on the point whether either of them received such money or knew of such payment. These all deny it, and the latter swears by reference to this book that there was an excess of cash on the 19th and 20th of April of only about fifteen cents. If there was surprise at the testimony of Klinck, in respect to such payment, it remains to be seen whether any evidence is newly discovered, bearing upon the issues, which will make it proper to submit the cause to another jury. The plaintiff, his teller Westfall, and his book-keeper Ennis, now severally state in the affidavits upon which the motion for a new trial is made, that they have examined the books and papers in the plaintiff's banking office in order to refresh their recollection thereby, and they can now testify of their own knowledge that each

of them was present during the whole time of the afternoon of the 19th of April, 1861. The plaintiff says he was the last one in the bank, and closed the vault himself that afternoon; and they all say that the said O. K. Klinck was in the bank a short time before the close of business on that day, and had a business transaction with the plaintiff, and that he at that time requested the teller Westfall to charge to his account the said $200 note, and that the teller replied that he would do so if the account was good for it, and that said Klinck replied that he thought his account was good for it, or nearly good for it, and that if it was not good for it he would make it good in a day or two; and that said Klinck was not in the office again that day or evening, after this interview, and that he left no money in the bank with any person that day, or at any time afterwards, with which to pay said note; and further, that after the bank closed that day the account of said Klinck was examined; that he had $140.87 to his credit in the bank, and that said note was not credited to his account for the reason that it was not good for it. Three witnesses state that they will swear positively, in substance, to these facts. They were not in the case before, and have been discovered since the trial, and it seems to me that they are such newly discovered facts as bear materially upon the merits of the issue made by the plea of payment in the defendant's answer. These are pertinent to the issue, and quite important. These witnesses did deny the payment to them respectively on the former trial, and so far their evidence would be a repetition of what they then swore; but they did not then state, or recollect, as they say, the other facts, that Klinck was in the bank on the 19th of April and then requested this note to be charged to his account, and his statement that his account was good or nearly good for it, and the promise of the teller to credit it to his account if it was good, and the other important fact that he had $140.87 in bank on that day, and that his account was examined, and the note not

credited, because the full amount of $200 did not stand to his credit.

If there had been affirmative facts, essential to make out plaintiff's case, he would doubtles have been guilty of laches in not discovering them before the trial. But they are not such facts. The plaintiff had his note, which he had always retained, and he knew, as he testified, of no payment, and was not apprised of any pretense of payment. He could scarcely be expected to do anything more than produce his note, at the trial; but when the maker of the note had testified as he did, the facts above stated were all pertinent and material as mere negative testimony to contradict such payment. And I do not see how the plaintiff could well have prepared to contradict such statement till he knew what it was. It seems to me, therefore, there was no laches on the part of the plaintiff in not procuring such proof before the former trial.

The evidence is material. It has been discovered since the former trial. There was no laches in not discovering it before. The evidence goes to the merits. It goes to repel payment. The other inquiry, according to the rule applicable to such motion, as stated by Chief Justice Savage in *The People* v. *The Superior Court of New York*, (10 *Wend.* 292,) is, is the evidence cumulative ?

It is not cumulative in the proper sense of that word. Cumulative evidence means additional evidence of the same kind or degree as that previously given. Chief Justice Savage says, in the case above cited : "Cumulative evidence means additional evidence to support the same point, and which is of the same character with the evidence already given."

All evidence material to the issue, after any such evidence has been given, is in a certain sense cumulative ; that is, is added to what has been given before. It tends to sustain the issue. But cumulative evidence, in legal phrase, means evidence from the same or a new witness—simply repeating, in substance and effect, or adding to, what has been before

testified to. In this case, for instance, the plaintiff and West-
fall and Ennis respectively will testify to the same facts above
stated, that Klinck was in the bank on the afternoon of the
19th of April, and requested the teller to charge the note to
his account; said his account was good, and had in fact
$140.87 to his credit at the time, and the teller promised to
do so if the account was good. If either of these witnesses
had testified to these facts on the former trial, it would be
cumulative evidence to call either of the other witnesses to
prove the same facts, and a new trial could not be granted,
upon well settled principles, to receive such testimony. But
the evidence proposed to be given is to prove *new facts* not
proved on the former trial, and is not therefore subject to the
objection that it is cumulative.

The plaintiff also states that he can prove that on the 29th
of June, 1861, said Klinck called at his bank, and had a bal-
ance struck upon the books and took up his checks and
vouchers, and at that time promised to arrange this note soon;
and also, that on the 24th of June previous, the plaintiff
spoke to him about this note in the bank, as then lying over,
and he then said he thought it had been charged to his account,
and he said he would arrange it soon.

Both of these transactions occurred within the knowledge
of the cashier of the plaintiff's bank, and his book-keeper
Ennis. The facts are entirely inconsistent with the testi-
mony of Klinck that the note had previously been paid, and
I think they confirm the testimony of the plaintiff, that he
did not know at the trial, of the time, manner and mode of
payment, alleged, so far at least as to show that no payment
was pretended to have been made before the 29th day of
June; and in this view they relieve the plaintiff from the
duty to prepare to meet evidence of payment at any previous
time.

But this evidence the plaintiff, I think, should have given
on the former trial, and it is not such evidence as he could
be allowed to forget and claim to be excused from the conse-

quences of such neglect; for as Chief Justice Parsons said in *Bond* v. *Cutler*, (7 *Mass.* 207,) "a want of recollection of a fact, which by due attention might have been remembered, can not be a reasonable ground for granting a new trial; for want of recollection may always be pretended, and may be hard to disprove." I think, therefore, there should be a new trial granted, and the case should be submitted to another jury. These motions are granted in the discretion of the court, and usually upon the payment of costs. In the case of *Seely* v. *Chittenden*, (4 *How.* 265,) the motion was granted with costs to abide the event, because the defendant was surprised by the evidence in question, given out of the usual order.

I think that in this case the plaintiff should pay the costs of the former trial, and the subsequent costs, including the costs of the appeal which should abide the event.

New trial granted.

[Monroe General Term, December 5, 1864. *J. C. Smith, Johnson* and *E. Darwin Smith*, Justices.]