Daniels, J.
The action was for the price of goods alleged to have been delivered to the defendant by the plaintiff in the fall of 1882, for which it is averred he agreed to pay the prices mentioned in the complaint. And a balance was .-claimed amounting to the sum of $265. He denied the purchase or the receipt of the goods himself, and evidence was given on behalf of the plaintiffs to prove that the goods were delivered under his authority and upon his promise to *880 pay the prices for the same. This delivery was made at store No. 84 West Fourteenth street.
The defendant by way of defense gave evidence tending to show the fact to be that the business there was carried on by and in the name of his father, and that he himself was in no manner connected with it. And to substantiate his statement, a ledger was produced, which he testified he found in the attic of the house, four days before the trial, in which the account of these goods was entered in the name of his father as the purchaser. The jury rendered a verdict in favor of. the defendant.
The affidavits of the plaintiff’s agent and salesman, and of its manager, and also of its attorney, are that an examination of the book was made, and the names of persane from whom goods had been obtained, were contained in it, with statements of their accounts, and that these persons will testify that the goods were in fact sold to the defendant in this action, and not to his father. The affidavits of these persons have been added, in which they assert their ability to give this testimony and several of them to give further testimony tending to show that the defendant was the person who carried on business at this store during the time in controversy, when the plaintiffs sold and their own goods were there delivered. The defendant controverts the statements of these persons and produces accounts and receipts tending to sustain the affidavit made by him. So he has also produced other affidavits indicating that the business was not carried on by himself or in his name, but was carried on by and in the name of his father.
What the effect of the testimony of these witnesses, might be upon another trial of the action, cannot certainly now be determined. It presents a controverted case in which the jury might adopt either view. There is a probability certainly that they would consider the case of the plaintiff made out rather than that the defense of the defendant was proved. And in this state of the evidence, it will be a matter of propriety and justice to submit the case to the hearing and decision of another jury.
There was no means within the control of the plaintiff, or its officers or agents, by which they could discover the existence of these other accounts, before they were afforded an opportunity of inspecting the ledger upon the trial. And by observing.,them there, that led to the inspection, resulting in the discovery of these persons, who state that their business was with the defendant and not with his father. And the application was made with diligence after their affidavits, were obtained. There was no delay, or negligence on the part of the plaintiff which would justify the denial .of the *881 motion on that ground. That the evidence is material to the issue, seems to be free from all ground of doubt, and it is of the description not to be cumulative. For no such evi dence was given upon the trial of the action. And to render newly discovered evidence cumulative, it must be of the same quality or description given upon the trial of the action. National Bk. etc., v. Heaton, 6 N. Y. Supreme Court, 37; Parshall v. Klinck, 43 Barb., 203, 212.
The rule or principle requiring the denial of a motion for a new trial on the ground of the evidence newly discovered being cumulative, does not rest upon any just or solid foundation. It is simply the dictate of authority which has been followed without much consideration of its foundation. It is not one to be extended to cases not falling directly within its language. For there is the same propriety and necessity for giving a party a new trial who can vindicate himself, or sustain his cause of action by cumulative evidence, as there is for any other reason. And there is certainly no justice in subjecting a person to what is really an- unfounded claim, or for preventing him from maintaining an equally well founded defense, because the evidence discovered by him by which that can be done, may be of the same quality or description as that given upon the trial in which he has been defeated. The evidence stated to have been newly discovered in this case is not cumulative under the rule as it has-been asserted and repeated, but a case was made entitling-the plaintiff to an order setting aside the verdict and directing a new trial. The order should be reversed with the costs to the plaintiff on this appeal, and an order entered setting aside the verdict and directing a new trial, on the payment, by the plaintiff, within twenty days after their judgment, of the costs of the trial already had. But if such costs shall not be paid or tendered within that time, then the motion will be denied with ten dollars costs, and the order affirmed, with costs.
Van Brunt, Ch. J.. and Brady, J. concur.