Per Curiam.

The defendants have not brought themselves within the provisions of the act on this subject. They ought at least to have shown, that material evidence exists in the place to which the commission is to be sent. It is an application for a commission to hunt for testimony.
Motion denied.(b)

(b) “An application for a commission is a non-enumerated motion; 2 Caines, 260 ; and must be founded on an affidavit, stating that the cause is at issue, or that interlocutory judgment has been entered, as the case may be. It must likewise state the names of the witnesses; 2 Johns Cas. 68, 285 ; and that they are material as the party is advised by counsel and verily believes, and are without the state ; 1 Wend. 65 ; and where the application is on the part of the defendant, it must also state, (provided the party asks for a stay of proceedings, until the return of the commission, but not otherwise ; 9 Wend. 444;) that he has a good and substantial defence on the merits, as advised by counsel. 2 Johns. Cas. 285. And an affidavit was held to be defective, which omitted this clause, although it detailed the probable testimony of the witness, but not in a sufficiently explicit manner, to enable the court to judge that it would amonnt to a good defence. 1 Wend. 27. But it need not add, ‘ that he cannot safely proceed to trial, without the testimony of such wit *68 ness, as he is advised by counsel and verily believes.’ 1 Cowen, 209. And the affidavit of a third person, cognizant of the facts, is sufficient, without showing an excuse for its not being made by the party himself. 1 Cowen, 210 ; 2 Johns. Cas. 69. And where the affidavit is made by the attorney, it need not state the advice of counsel, as to the materiality of the witnesses. 7 Wend. 513. It has also been held, in a recent case in the New York Superior Court, that where a party, upon an affidavit, sets forth the facts which he wishes to establish, under a commission to a foreign country, and shows that those facts can only be proved by persons in the employ of his antagonist, whose names are unknown to him, the court will permit the commission to issue generally, without the names of the witnesses, or will grant a stay of proceedings, until their names can be ascertained. Schaffer and Assur v. Wilcox, MS. Dec. term, 1829 ; S. C. 2 Hall, 502.” Grah. Prac. 2d ed. p. 592,593. Add to the authorities above cited, Seymour's Executors v. Strong, 19 Wend. 98; Meech v. Calkins, 4 Hill, 534; Bracket v. Dudley, 1 Cowen, 209.