Per Curiam.

The act in question must have a reasonable construction. If a particular officer were to be examined, whose *503 name was unknown, (the Attorney General of a particular state, for instance, whose testimony might be material,) the commission might be issued generally, to take the testimony of that officer, without inserting his name.
In this case,' the defendant wishes to examine the clerks of the plaintiffs’, at Trieste, whose names are unknown to him. He sets forth by affidavit the facts which he wishes to prove, and asks either for a general commission to take the testimony of those clerks, or for a disclosure of their names, or for a stay of proceedings, until they can be obtained from other sources. This is not a fishing commission, for the facts sought to be proved, are all disclosed. The application, on the contrary, is perfectly reasonable, and if the plaintiff, who resides here, will not disclose the names of his clerks, the defendant may either issue his commission generally, to take the testimony of the clerks at Trieste, or have a stay of proceedings until their names can be ascertained from other sources.

Motion granted.

[F. B. Cutting, Att'y for the plffs. E. Anthon, Att'y for the deft.]
Note.—The defendant, in the first instance, moved for a commission to examine certain individuals, whose names wore set forth';—but the plaintiffs showed that they were persons who were concerned in the transactions in controversy, and directly interested in the event of the suit. The court refused to allow the commission for this reason, and the defendant then made the application above described.