White *v.* Munroe.

[NEW YORK GENERAL TERM, February 4, 1861. *Clerke, Sutherland* and *Allen,* Justices.]

---

WHITE & SHEFFIELD *vs.* MUNROE and others.

An order for the production and discovery of books and papers is not an appealable order, *it seems;* the granting or refusing of an application of that nature resting in the *discretion* of the court.

It is entirely in the discretion of a court to hear a renewal of a motion, or not. And it can, as it may deem advisable, hear it on precisely the same papers.

But it seems this will rarely be done, and only on occasions which would render the practice essential to justice, as in cases of orders not appealable.

White *v.* Munroe.

THIS action was brought to recover certain sums of money, for alleged overcharges, made by the defendants as the agents in Paris of the plaintiffs, in purchasing the article known as blue Guimet, from 1846 to September 1, 1851. Such overcharges were in the prices, and in the cases and packing. The plaintiffs, at the time of said transaction, resided and still reside in the city of New York. And the defendants, at the same time, resided and still reside in France. The defendants, by their answer, admitted that the Guimet was not furnished to the plaintiffs at the prices paid for it by the defendants; and they stated that certain reductions in price, allowances and discounts were obtained by them in making said purchases, because they bought in large quantities, and for cash, and that the plaintiffs were entitled to only a portion of the benefit, if to any, arising therefrom. After the putting in of the answer, the plaintiffs presented a petition to the court, in which they stated that the amounts or particulars of said reductions, allowances or discounts were not stated by the defendants, and it would become material, on the trial of this cause, to ascertain the terms on which the defendants made the several purchases of said article for the plaintiffs, at what prices, with what discounts, and with what charges, if any, for cases and packing. That said article was manufactured by J. B. Guimet of Lyons, and was purchased of him by the defendants, either directly or through the house of Mazurger, Richards & Co. of Lyons. That, to ascertain said prices, terms and discounts, the plaintiffs had recently sent a commission to France to take the testimony of Mr. Guimet. That said commission had returned, and a copy of the translation thereof had, within a few days, been received by the plaintiff's attorney, from which it appeared that Mr. Guimet declined to give copies of the invoices made out by him of said goods, without the consent of said house of Mazurger, Richards & Co. and of the defendants, and that said invoices contained the prices and the discounts made, and that he was not able, if willing, to state

said particulars from memory, and the plaintiffs had been unable to obtain them, there being no law in France, as they were advised and believed, to compel the witness to testify. That said Guimet testified that all his invoices were sent to Mazurger, Richards & Co., through whom he made a contract with the defendants for the exclusive sale of said article in the United States, and that prior to September 1st, 1851, the defendants were his sole representatives there for said sale. The petitioners further alleged, that in the usual course of business the defendants would have received invoices or copies of invoices of said goods, made out by said Guimet or by said Mazurger, Richards & Co. showing the terms of purchase, and would have made entries thereof in their books of account, and would have corresponded with those parties on the subject; and such they believed and alleged was the case in regard to said goods sent to the plaintiffs. They therefore prayed that discovery might be made of said invoices, correspondence and books of account in such manner that they might have access thereto in the preparation of this case for trial, and for such order thereon as the court might think proper to grant.

Upon the hearing of this petition, at special term, on the 2d of February, 1860, an order was made, denying the prayer thereof, with $10 costs, to abide the event, and without prejudice to the renewal of the motion. Subsequently, a second petition was presented by the plaintiffs, similar in all respects to the first, but stating more at length the contents of the defendants' answer, and the questions put to the witness Guimet, and his replies thereto. By the notice of motion upon the second petition it appears that the papers used on the hearing of the second petition, were the petition and the same papers used on the first motion, and the order denying the first motion. On the hearing of the second petition, at special term, on the 23d of November, 1860, an order was made, directing the defendants to deliver to the plaintiffs the original or sworn copies of all the invoices and bills of purchase

received by the defendants, of blue Guimet, sent by or for the defendants to the plaintiffs, from May 1, 1846, to September 1, 1851, and that said discovery be made within sixty days. From this order the defendants appealed.

*Aug. F. Smith,* for the appellants.

*George Goddard,* for the plaintiffs.

*By the Court,* CLERKE, P. J. I doubt, very much, whether this is an appealable order. If it is made pursuant to § 388 of the code it clearly is not. The very language of the section says the court *"may in their discretion"* order either party *"*to give to the other an inspection or copy, &c. of any books, papers and documents,*"* &c.

The section of the revised statutes (§ 30, 2 *R. S.* 199, *marginal*) relating to this subject says: *"*The court shall have power in such cases, as may *be deemed proper,* to compel any party to a suit pending therein, to produce and discover books, papers and documents, in his possession or power, relating to the merits of any such suit or of any defense thereon."

Does not this necessarily import a discretionary power in the court to determine, under all the circumstances, whether the case is a proper one for the exercise of the power? The judge may deem it proper to deny the application, unless the party should be offered an opportunity, by being examined, of accompanying the production with a statement of every thing which is necessary to protect him from consequences. Or, he may think, as in the present case, where the defendants live in a distant and foreign country, and where the difficulties of examining them under a commission would be very great, that it was eminently proper that they should be compelled to produce, or furnish copies of, the required papers. But this entirely depends upon what the judge, be-

fore whom the application is made, may consider proper, in view of all the circumstances of the case.

It may be a different question if the court, on an application of this kind, granted an order to make a general search and examination for evidence among the private books and papers of his adversary; such as has been called in England an "indefinite search." But the code and the revised statutes give the power to order the inspection or production of books, papers, &c. *relating to the merits* of the suit.

It is not denied that, in the cases before us, the papers, of which copies are required, do relate to the merits of the controversy. The objection is made that the motion was a renewal of a previous motion, and that, although the latter was denied without prejudice to renew, the second motion could be made only on new grounds. It is entirely in the discretion of a court to hear a renewal of a motion or not. They can, as they may deem advisable, hear it on precisely the same papers. This of course will be rarely allowed; it would be productive of most serious inconvenience; but, still, there may be occasions which would render it essential to justice. In motions such as these, not appealable, for instance, a grievous wrong may be committed by some misapprehension or inadvertence of the judge; for which there would be no redress, if this power did not exist.

If even I did not think these cases were not appealable, I should say the orders were properly granted. The appeals should be dismissed with $10 costs in both.

[New York General Term, February 4, 1861. *Clerke, Sutherland* and *Allen,* Justices.]