My conclusion is, that upon a motion for a new trial upon a case made at special term, the parties are entitled to the same costs as upon an appeal from a judgment.

The taxation appealed from must be readjusted upon the principles here stated.

## BRODERICK *a.* SHELTON.

*Supreme Court, Sixth District; General Term, Nov.,* 1864.

DISCOVERY AND INSPECTION.—FORM OF ORDER.—APPEALABLE ORDER.

Under section 388 of the Code of Procedure, the county judge has power to order a discovery in an action pending in the County Court.

Where an order requiring a discovery is granted by a judge instead of by the court, it should not declare the penalty for an omission to comply with the order. And the sixteenth rule of the Supreme Court is in this respect invalid. The penalty can only be inflicted by the court, on motion, upon proof of the default.

Where an order, made by a judge out of court for discovery, declares the penalty for the failure to comply, the order is an entirety, and the specification of the penalty being invalid, vitiates the whole order.

An order directing that in default of discovery, the party who is required to make the discovery shall be nonsuited, is an order involving merits and affecting a substantial right, and is appealable.

This action was commenced by Minor T. Broderick against Burr Shelton, before a justice of the peace, and was founded on a promissory note. The plaintiff recovered a judgment, and the defendant appealed therefrom to the Schuyler County Court, where the cause is to be retried.

On the 25th day of May, 1864, the county judge of Schuyler county made an order, requiring the plaintiff within ten days after service of a copy of the order on him, to deliver to the clerk of said county, at his office in Havana, the promissory note on which the action is founded, and leave the same with the said clerk on file in his office, until after the trial and determination of the action, so the defendant could inspect said

note, &c.; and in default of the plaintiff complying with the terms of the order, that he be precluded from giving and in troducing said note in evidence on the trial of the action; and that the defendant have judgment of nonsuit against the plaintiff, with the like force and effect as if the said action had been tried in open court, and a judgment of nonsuit there given; and that the defendant have $10 costs of the motion.

The plaintiff appealed from the order to the Supreme Court, on the grounds:

1st. That the county judge had not jurisdiction to make the order.

2d. That the evidence before the county judge showed that the plaintiff did not have the possession or control of the note.

3d. That the county judge erred in giving defendant costs of the motion.

*J. C. Broderick*, for the appellant.

*George D. Beers*, for the respondent.

BY THE COURT*—BALCOM, J.—The Revised Statutes conferred power upon the Supreme Court, to compel parties to suits pending therein, to produce and discover books, papers, and documents in their possession or power relating to the merits of any such suit, or of any defence therein. (2 *Rev. Stat.*, 199, § 21, &c.) The same power was conferred upon Courts of Common Pleas in 1841. (*Laws of* 1841, 22, ch. 38.) And by the judiciary act of 1847, County Courts and county judges were clothed with the powers previously exercised and possessed by Courts of Common Pleas, and the judges of such courts, so far as was consistent with the Constitution of the State and the provisions of said act. (*Laws of* 1847, 329, ch. 280, §§ 35, 36.)

I think the order in question was not granted by the County Court, but was made by the county judge under section 388 of the Code, which contains this provision: "The court before which an action is pending, *or a judge or justice thereof*, may in their discretion, and upon due notice, order either party to

---

* Present, CAMPBELL, PARKER, MASON, and BALCOM, JJ.

give to the other, within a specified time, an inspection and copy, or permission to take a copy of any books, papers, and documents in his possession or under his control, containing evidence relating to the merits of the action or the defence therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing, or both."

This section is in title twelve of the second part of the Code, which, according to section 8, relates to actions in County Courts as well as in other courts.

The county judge therefore had authority to make an order giving to the defendant an inspection, &c., of the note on which the action is founded. But he had no right to annex to it, or incorporate in it, a penalty for a refusal to obey it. The County Court only, on motion, and upon proof of a refusal, could do that.

The judge should have made an order giving to the defendant an inspection of the note, &c., and stopped there. And then, upon proof of a refusal to comply with the order, the County Court, on motion, could have excluded the note from being given in evidence, or have punished the plaintiff for such refusal, or both.

The county judge exceeded his jurisdiction when he determined that for a non-compliance with his order, the plaintiff should be precluded from giving and introducing the note in evidence on the trial of the action, and should be non-suited, &c.

The order is an entirety, and having been made and signed by the county judge out of court, the unauthorized provision in it vitiates the whole. And as he had no discretion, so far as this provision is concerned, the order was appealable. It involved the merits of the action and affected a substantial right. (*Code*, § 349.)

It is probable the order would not have been appealable if it had only required the plaintiff to give the defendant an inspection of the note, &c. (See White *a.* Munroe, 33 *Barb.*, 650; S. C., 12 *Abbotts' Pr.*, 357.) But we need not pass upon that question.

It has been suggested that the order in question may have been granted by the County Court, and not by the county

judge out of court, and under the Revised Statutes. But if so, the same was unauthorized, so far as it declared that the plaintiff should be nonsuited for omitting to comply with it. The Revised Statutes do not authorize the Supreme Court to prescribe by rules, that orders for the production and discovery of books, papers, and documents, shall declare the consequences of an omission to comply with the same. The court can, by general rules, prescribe the cases in which such discovery may be compelled, and the proceedings for that purpose, where the same are not provided in the Revised Statutes. (3 *Rev. Stat.*, 5 ed., 293, § 61.) Also, for the staying of the proceedings of any party against whom such discovery shall have been ordered, either by the court or by an officer, until the same shall have been complied with or vacated. *Ib.*, 294, § 64.) But the court is not authorized to make any other rule on the subject.

There is a provision in the Revised Statutes which declares what the court may do to a party for a refusal or neglect to comply with such an order, which is as follows : " In case of the party refusing or neglecting to obey such order for a discovery, within such time as the court shall deem reasonable, the court may nonsuit him, or may strike out any plea or notice he may have given, or may debar him from any particular defence in relation to which such discovery was sought." (3 *Rev. Stat.*, 5 ed., 294, § 65.)

But the court cannot do either of these things until proof of such refusal or neglect is presented to it. When such proof is made, and not before, the court must determine what shall be done for the refusal or neglect to obey the order. It is possible for the party to have a good excuse for refusing or neglecting to obey the order that arose subsequent to the granting of the order, and he should have an opportunity to make it.

I am, therefore, of the opinion that that portion of the sixteenth rule of this court, which requires that orders to compel the production and discovery of books, papers, and documents, shall declare " the consequences of an omission to comply with the same," was unauthorized, and that the same is void.

My conclusions are, that whether such an order be made under the Revised Statutes, or section 388 of the Code, or both, it is improper to insert a clause in it declaring the con-

sequences of an omission to comply with the same ; and that such a clause is unauthorized, whether the order be made by the court or by a judge out of court. Also, that the order in question should be reversed.

Decision accordingly.