### SAYRE *vs.* FRAZER and others.

An order directing that J. O., late sheriff, be made a party plaintiff, and that the summons, pleadings, &c. be amended by inserting therein the name of the said J. O., late sheriff, as a party plaintiff; and permitting the plaintiff to give to said sheriff, *nunc pro tunc,* the undertaking prescribed by section 238 of the Code, and to amend the complaint by inserting an allegation of such delivery, provides for an *amendment* of the original complaint. Such order is, therefore, a matter of *discretion,* and is not *appealable.*

APPEAL from an order made at a special term, directing that John Orser, late sheriff of the city and county of New York, be made a party plaintiff, and that the summons, pleadings &c. be amended by inserting therein the name of the said John Orser, late sheriff, as a party plaintiff. Also permitting the plaintiff to give to said sheriff, *nunc pro tunc,* the undertaking prescribed by section 238 of the Code, and to amend the complaint by inserting an allegation of such delivery. Said amendments were ordered to be without prejudice to any of the examinations, depositions and proceedings theretofore taken in the action.

The plaintiff, as an attaching and judgment creditor of the defendants Frazer, Huston & Milton, brought this action against them and the other defendants herein, McGregor &

Osborne, to establish and enforce an alleged lien under the attachment, and to compel McGregor & Osborne to account to him for the proceeds of certain merchandise of the debtors, in their hands for sale and sold by them. The suit was commenced May, 17, 1856. Issue was joined soon thereafter. June 28, 1855, attachment was issued. The complaint alleges that on that day McGregor & Osborne had certain property of the debtors in their hands for sale, and the order for the proceeds thereof, and the attachment, were duly served on them. On the 29th of February, 1856, the plaintiff recovered judgment in this action for $6310.97. March 5, 1856, execution thereon was issued to the sheriff of New York. The plaintiff claims a lien upon the property, and demands an account, &c.

The defendants answered, and the action was referred to Judge Bosworth. Upon the trial the plaintiff gave evidence tending to prove the allegations of his complaint, and the defendants objected that the plaintiff could not maintain the action, and that if any cause of action existed, it was in the sheriff, who alone could sustain an action upon the matters alleged; and the referee sustained the objection, *following the decision* of this court in *Skinner* v. *Stuart*, (39 *Barb.* 206.) The plaintiff thereupon moved to amend his complaint and proceedings, by making sheriff Orser a party plaintiff, and delivering to him an undertaking, *nunc pro tunc*, which motion was granted, and the defendants appealed from the order.

*W. F. Allen*, for the appellant.

*A. F. Smith*, for the respondent.

*By the Court*, SUTHERLAND, J. The question of appealability really involves the question whether the addition to, or alteration in, the complaint, allowed by the order appealed from, was or could properly be called an *amendment* of the

Sayre *v.* Frazer.

original complaint. If it was, or could properly be called an *amendment*, the order was clearly a matter of discretion, and was not appealable.

If A., having declared against B. for an assault, should apply for and obtain an order allowing him to amend his complaint by inserting therein a cause of action for an assault on C., either at the same or any other time, and by adding the name of C. as one of the plaintiffs, I should think the order appealable and reversible, for I should be of the opinion that the thing or alteration or addition allowed, was not and could not properly be called an amendment. But that is not this case. I do not think the order appealed from did allow the plaintiff to insert in his complaint a new or another cause of action. It can be properly said, I think, that the order allowed the plaintiff to prosecute the *same* cause of action and *his* cause of action in a different *manner* or *form*.

If the action had been brought by or in the name of the sheriff, it would have been brought in his name as a mere ministerial or executive officer, and any and all relief obtained would have been obtained for the benefit of the judgment and attaching creditor. The cause of action, the relief sought for, I think, was the same, whether prosecuted in the name of the sheriff or of the judgment and attaching creditor, and in either case, the relief obtained would be for the benefit of the judgment and attaching creditor.

I think the thing or things allowed by the order was, and can properly be called, an *amendment*, and that under the circumstances the amendment was properly allowed, in furtherance of justice, and that the appeal should be dismissed with costs.

[NEW YORK GENERAL TERM, June 4, 1866. *Geo. G. Barnard, Clerke* and *Sutherland,* Justices.]