## COURT OF APPEALS.

### DUNCAN McCOLL *et al.* agt. THE SUN MUTUAL INSURANCE COMPANY.

The statute does not give the court, in which the trial of an issue of fact is had, power nor authority to issue a *commission* for the examination of foreign witnesses after trial and judgment in the action, although an *appeal* from such judgment is pending. This power can only be exercised *before* trial and judgment.

APPEAL from an order of the New York superior court, heard at the March general term, 1872.

*Before* MONELL, FREEDMAN *and* CURTIS, *JJ.*

THIS action was tried by the court and a jury, and resulted in a verdict for the plaintiff, upon which a judgment was entered on the first day of February, 1870. The defendants appealed to the general term, and the appeal is now pending. Another action by the same plaintiff against the Harmony Insurance Company to recover on another policy for the same loss was pending and untried, when in May, 1870, the plaintiff applied to the special term for a commission to issue to examine witnesses in both actions, and an order made allowing the commission in each of the actions. The defendants in this action (" The Sun Mutual ") appealed from the order, allowing a commission to issue therein, having resisted the order below, on the ground that it could not issue after trial and judgment.

Judge MONELL delivered the opinion as follows:

*By the court:* MONELL, J.—This appeal presents the novel question: Whether an order allowing a commission for the examination of foreign witnesses can be issued after the trial and judgment in the action? There was no com-

mon law right to take the deposition of a witness out of the State to be read at the trial. Parties in civil actions had the right to have the witnesses give their testimony in the view and presence of the court and jury. But it is provided by statute that the court may award a commission to examine a foreign witness upon interrogatories (2 *R. S.*, 393), with a further provision, that the examination and depositions taken may be used in evidence on the trial of the cause. It would seem to be the only construction of the statute that the commission should issue before the trial, inasmuch as the evidence taken can be used only at the trial, and that, undoubtedly, is the correct construction.

The respondent's counsel suggested two reasons in support of the order. One was, that the word "pending," in the 12th section of the act, having been interpreted to extend to the final determination of the action (*Wegman* agt. *Childs*, 41 *N. Y.*, 159), this action although tried, and now in judgment, is to be regarded as a "pending" action ; but the 12th section provides merely, that if the action is pending in the supreme court, application for a commission must be made as therein prescribed, and in no way extends the time for its issuing. The other reason was, that the order was proper for the purpose of preserving evidence, which the party might lose by the death or absence of witnesses, in the event of the reversal of the judgment, and the ordering of a new trial.

If there was not to be a new trial, then the evidence could never be used, and it was a work of supererogation to take it. Every presumption is in favor of the correctness of the judgment. We must, therefore, assume that there was no error committed at the trial, and that the judgment will stand. The statute for causing testimony to be perpetuated, does not cover the evidence in this case. That statute applies to witnesses within the State, and cannot be extended so as to authorize the examination of foreign witnesses. The order appealed from is reversed with costs.

From this decision the plaintiffs appealed to this court.

ALBERT MATHEWS, *for appellants, plaintiffs.*

This is an appeal from an order made at General Term of the N. Y. superior court, reversing an order of Special Term, allowing commissions to issue to take testimony of witnesses residing in Nova Scotia. The order differed from the usual order for commissions to take testimony, only in some particulars. It was made after trial and judgment, and pending appeal upon exceptions and motion for new trial. It authorized the examination of one or more witnesses, whose depositions had been already partly taken *de bene esse*, as well as of additional witnesses named therein, and also of such other witnesses as might be produced before the commissioners to prove certain specific facts described in the order. The General Term reversed the order on the " sole ground " of " want of power " in the court below to order a commission to issue after judgment appealed from in the action. Indeed, this was the only ground on which the order was appealable. Although granting of an order was discretionary—the refusal for want of power is error for which appeal lies (*Russell* agt. *Conn*, 20 *N. Y.*, 81; *Tracey* agt. *Altmeyer*, 46 *N. Y.*, 602). All other matters involved in the order rested purely in the discretion of the judge at Special Term.

*First.*—The statute under which the commissions issued is a remedial statute. It does not affect any vested rights of defendants. It is merely a statutory regulation of a matter of practice and procedure, relating to remedies of the parties to a suit at law. It was necessary to prevent a failure of justice. It should, therefore, be liberally construed to meet any contingency within the scope of the purpose of its enactment *People* agt. *Tibbets*, 4 *Cow.*, 392 ; *Donaldson* agt. *Wood*, 22 *Wend.*, 397, *By the* CHANCELLOR.—Legal hermeneutics, when applied to the construction of statutes,

McColl agt. The Sun Mut. Ins. Co.

teach us to reject a construction which is contrary to natural justice and equity, or which will necessarily be productive of practical inconvenience to the community, unless the language of the lawgiver is so plain and explicit as not to admit of a different construction. To give a correct interpretation to the legislative will, where a statute was intended to remedy the injurious operation of a previous rule, or principle of law, the court should place itself in the situation of the legislature which passed the statute : that is, to contemplate, in the first place, the law as it previously existed, and the necessity and probable object of the change, and then give such a construction to the language used by the lawmakers in providing the remedy, as to carry their intention into effect, so far as it can be ascertained from the terms of the statute itself," *Weed* agt. *Tucker*, 19 *N. Y.*, 433; *By the Court*, DENIO, *J.*—" The act in question is not at all of that character. It is a part of the legal arrangements for carrying on the government and providing for the administration of justice among the citizens of the state, and is remedial in its character. In such cases the rule is, that if the words of a statute are not explicit, the sense is to be gathered from the occasion and necessity of the law, the defect in the former law, and the designed remedy. It is to be so construed as most effectually to meet the beneficial end in view, and to prevent a failure of the remedy It is to be construed liberally, in contradistinction from a merely verbal construction—largely and beneficially—so as to suppress the mischief and advance the remedy (*Dwarris*, 562; 614, 632). It is by no means unusual, as is said in a late case, to extend the enacting words beyond their natural import and effect in order to include cases within the same mischiefs, (2 *Younge & Jervis*, 196)."

*Second.*—The Revised Statutes (*p.* 393, § 11), provide that " the court may upon such terms as it shall think proper award a commission " " in any action in a court of law being a court of record." It prescribes only two conditions : 1st

That "an issue of fact shall have been joined" in the action; 2d. That it shall appear that. a "witness not residing within the state is material in the prosecution or defense of such action." There is no other word of limitation or restriction in this statute, or the amendment of 1862 (chap. 375). The other provisions in the statutes (such as relate to commissions when a default is taken, or such as provide for the mode of executing the commission and using the depositions when taken) do not in letter or spirit restrict the ample power conferred in the eleventh section in the original statute. Indeed, the amendment of 1862 (chap. 375) expressly authorizes a commission to issue "in any proceeding pending in any court of record."

I. The mischief sought to be provided against would be but partially remedied if the statute be construed with a limitation to cases where there has been a trial and is a subsisting verdict. Where there is an appeal there is always a possibility of a new trial. An appellant cannot be heard to gainsay the likelihood of such a result. A judgment appealed from is not absolute. The action is still "pending" (Wegman agt. Childs, 41 N. Y., 159). In such cases judgments cannot be set off against each other. If the judgment be reversed and verdict set aside there has been no legal trial or judgment. Not unfrequently, (as in this case,) judgments are reversed for want of sufficient evidence, which may be procured by commission, or examination of departing witnesses de bene esse, pending appeal. So also material evidence, (produced on the first trial, and upon which alone a recovery may be. sustained upon a second trial) may be irrecoverably lost if it may not be taken and preserved under these statutes. pending appeal; for the statute relating to taking testimony de bene esse of witnesses leaving the state (2 R. S., p. 391) is no broader in its terms than the one under discussion.

II. The only limitation suggested by the defendant or the court below, is that the depositions can only be used " on

the trial of the cause." No other use is contemplated by the plaintiffs. The depositions were sought for to meet a contingency which the plaintiff apprehended and the defendant strove for, viz: a "trial of the cause," upon the issues of fact joined therein.

III. By granting a commission in such cases very great delay may often be avoided in the prosecution or defense of an action, and if a party be willing to take upon himself the burden and expense of procuring and preserving, from irreparable loss, evidence to meet a contingency he reasonably apprehends, the powers of the court should be exercised to aid him, and a statute designed to prevent a failure of justice should receive a liberal construction.

*Third.*—The order appealed from being, (in the respects complained of) made upon application to the favor of the court, and wholly dependent upon the exercise of its discretion, was not reviewable upon appeal in the court below. It does not "involve the merits" of the action, or "affect a substantial right" of the defendants. Such orders are not appealable (*Code,* § 349 ; *Thatcher* agt. *Bennett, N. Y. sup. ct., February,* 1854, *cited in Voorhies' Code of* 1870, 555, *note to* § 349 ; *St. John* agt. *West,* 4 *How.,* 331 ; *Fitch* agt. *Livingston,* 4 *Sandf.,* 713 ; *Leighton* agt. *Wood,* 17 *Abb.,* 177 ; *Butler* agt. *Niles,* 3 *Robts.,* 645 ; *Bank of Commonwealth* agt. *Temple,* 39 *How.,* 439).

I. This proposition has been always steadily maintained, in numberless varying shapes, whenever the case has arisen. Where a new trial was granted on newly discovered evidence (*Seely* agt. *Chittenden,* 10 *Barb.,* 303). Where a sale under judgment of foreclosure was set aside (*Buffalo S. Bank* agt. *Newton,* 23 *N. Y.,* 160). Where books and papers have been ordered to be produced (*White* agt. *Munroe,* 33 *Barb.,* 650). Where pleadings have been amended (*N. Y. Ice Co.* agt. *N. W. Ins. Co.,* 23 *N. Y.,* 362). Where a judgment has been set aside for collusion (*Baldwin* agt. *The Mayor of N. Y.,* 2 *Keyes,* 387). Where alimony has been allowed a

wife, *pendente lite* (*Moncrief* agt. *Moncrief*, 10 *Abb.*, 315).
Where amendments and filing a bond *nunc pro tunc* have
been allowed (*Sayre* agt. *Frazer*, 47 *Barb.*, 26). Where is-
sues have been settled in an equitable action (*Wood* agt. *The
Mayor*, 4 *Abb.*, *N. S.*, 152 ; see also *Voorhies' Annotated Code
of* 1870, 534, *note d*).

II. The terms of the order, as respects the names of the
witnesses, and the allowance of the re-examination of wit-
nesses partly examined *de bene esse*, and the stay of proceed-
ings, were all matters purely in the discretion of the court,
dependent upon the peculiar circumstances of the case (*Van-
dervoort* agt. *Columbian Ins. Co.*, 2 *Johns. Cas.*, 137 ; *Ring*
agt. *Mott*, 2 *Sandf.*, 683 ; *Rucco* agt. *Pearce*, 3 *Jurist*, 978).

(*a*) In *Runney* agt. *Weed*, (1 *Barb.*, 221), where an appli-
cation, to issue a new commission, to re-examine a witness
who had been once examined, was denied, because there was
no suggestion that he could give any additional evidence, it
was not doubted the court had power to grant the applica-
tion, and its refusal was the exercise of its discretion.

(*b*) In (*Mitchell* agt. *Montgomery*, 4 *Sandf.*, 676), where
the application was made after one trial, and, the amount in
controversy being less than the expense to be incurred, it
was deemed unjust and inequitable to allow a commission to
issue, the court regarded the exercise of the power as dis-
cretionary.

(*c*) In *Nicol* agt. *Columbian Ins. Co.*, (1 *Caines*, 345),
the supreme court allowed a second commission to issue to
re-examine a witness, as to a collateral fact to which his
attention was not particularly called on his first examination.

(*d*) In *Fisher* agt. *Dale*, (17 *Johns.*, 343), the same court
(A. D. 1820) allowed a second commission to issue to re-ex-
amine witnesses upon the mere suggestion that the witnes-
ses could testify more fully to some facts as to which they
had already been examined.

(*e*) In *Parker* agt. *Nixon*, (1 *Baldwin*, *U. S.*, 291, A. D.
1831), it was held not to be a matter of course to compel a

party to name the witnesses to be examined on a commission. All depends on the discretion of the court to be exercised under the circumstances of the case.

(*f*) In *Winthrop* agt. *U. S. Ins. Co.*, (2 *Wash.*, *U. S.*, 712, A. D. 1807), it was held to be no objection to taking depositions abroad that the witnesses had been already examined and cross-examined under a previous commision while in the United States.

III. The courts of America and England have constantly issued commissions, both in cases at law and in chancery, without naming witnesses and without any special circumstances being shown beyond ordinary convenience.

(*a*) In the courts of this country it is not unusual so to issue such commissions (*The Infanta*, 1 *Abb. Admr.*, 266 ; *Heaton* agt. *Findley*, 12 *Penn.*, (2 *Johns.*), 304, 310 ; *see also cases above cited*).

(*b*) They are constantly so issued in England (*Carbonell* agt. *Bessell*, 5 *Simmons*, 636 ; *Bersford* agt. *Easthrope*, 4 *Jurist*, 104 ; *Rougemont* agt. *Royal Ex. Ins. Co.*, 7 *Vesey*, Jr., 304 ; *Gow* agt. *Kinnersley*, 6 *Mann & Gr.*, 981 ; *same case*, 8 *Jurist*, 364 ; *Dimond* agt. *Vallance*, 7 *Dowl. Prac. Cas.*, 590, *ibid* ; *Anonymous*, 3 *Jurist*, 385.

*Fourth.*—But if the matters involved in the order in question were legally the subject of review upon appeal, then it is insisted the order was properly granted by the court below. The plaintiffs were "regular" in all their proceedings, and there was no unexplained delay in making their application. The real owner of the ship, and the party in interest, being a resident of a foreign State, the affidavit for the motions was properly made by the attorney and counsel for the plaintiffs and real party in interest (*Demar* agt. *Van Zandt*, 2 *Johns. Cas.*, 69 ; *Murray* agt. *Kirkpatrick*, 1 *Cow.*, 210 ; *Beall* agt. *Day*, 7 *Wend.*, 513 ; *Deshaye* agt. *Persse*, 9 *Abb.*, 289, *n*).

I. The defendants were very confident of obtaining a new trial in the action by reason of the insufficiency of plaintiffs'

evidence in respect to the matters involved in the commis-
sions. The plaintiffs' counsel had furnished in the motion
papers all the names of witnesses he was able to procure,
after due diligence. The facts to be proved were well known
at Sydney and Cow Bay, but the witnesses to prove them
were masters of vessels, and, by reason of their migratory
habits, it became difficult to name such as would be in those
ports when the commissions would arrive there. The plain-
tiffs described and limited themselves to two classes of facts,
to be proved by the unnamed witnesses, viz. : " custom of
navigation," and " the loss and sale of the vessel."

II. The plaintiffs have a meritorious cause of action, and
are entitled to the aid of all the powers and process of the
court to procure all the evidence in existence, to establish
beyond controversy all the facts necessary to uphold their
claim. They are without fault and seek no improper advan-
tage over the defendants. There is nothing unfair, nor a
suggestion of anything improper in the testimony sought to
be procured. Abundant reason is shown for not naming all
the witnesses sought to be examined. It was practically im-
possible to do so. The plaintiffs are entitled to have the tes-
timony preserved at their own expense, for further use, if
needed. Upon the new trial granted (which defendants asked
and expected) the testimony will be required, and the delay
of procuring it will be avoided.

*Fifth.*—The plaintiffs being in all respects " regular " and
without fault, they had a legal right to the order of the court
directing the commissions to issue.

I. Under the statutes a party has a right to a commission
when a regular application is made, unless he has previously
forfeited such right by his misconduct or inexcusable neglect
(2 *R. S.*, 393, § 11, *act of* 1862, *chap.* 375 ; *Sparks.* agt. *Bar-
ret, 5 Scott's,* 402).

II. The power of the court to issue the commissions with-
out naming the witnesses, and also after some of those named
had been examined *de bene esse,* cannot be questioned. This

has long been well settled by adjudicated cases, both in this country and in England. There is no prohibition against either mode of issuing commissions contained in the statute; nor any words of limitation which would exclude such order (2 *R. S.*, 393, §§ 11 *and* 12). The former statute (from which the present is derived) expressly required the witnesses to be named in the commission. In the revision of the statute this restriction (with some others equally important) was purposely omitted, and all such matters were left to the discretion of the court (1 *Rev. Laws*, 520, § 11). Even under the old statutes it was held that the court had power to issue commissions without naming the witnesses.

(*a*) In 1801 a commission was allowed to be issued out of the supreme court without naming witnesses, although the court was so impressed with the want of merits in the application, that a stay of proceedings was denied (*Franklin* agt. *The United Ins. Co.*, 2 *Johns. Cas.*, 68 *and* 285.

(*b*) Again in 1829, notwithstanding the letter of the statute as it then stood, (although specific objection was made by the late Mr. Cutting, as counsel, opposed to the application), a commission was allowed to issue without naming the witnesses (*Schaffer* agt. *Wilcox*, 2 *Hall*, 502).

(*c*) Under the present statute such commissions issue out of the supreme court, and the power to issue them is unquestioned (*McMahon* agt. *Allen*, 18 *Abb.*, 289).

(*d*) In *Wright* agt. *Jessup*, (3 *Duer*, 642), where the application was denied by reason of laches in the applicant the power of the court was sustained.

(*e*) As an equitable tribunal, the court probably had full power (independently of the statute), to issue the commissions without naming any of the witnesses (*Brown* agt. *Southworth*, 9 *Paige*, 353, 2 *Dan. Ch.*, 1 *Am. ed.* 1,099 *to* 1,102 ; *Forrest* agt. *Forrest*, 25 *N. Y.*, 506 ; *Bowen* agt. *The Irish Presb. Corp. of N. Y.*, 6 *Duer.*, 264 ; *see also Third Point, Subs. II and III*).

III. By the terms of the order the expense of executing

the commissions was put upon the plaintiffs, and all detriment to the defendants was thereby obviated.

*Sixth.*—The order appealed from should be reversed with costs of this court, and the order of the special term should be affirmed with costs of appeal in the court below.

SAMUEL HAND *and* JOSEPH H. CHOATE, *for respondent, defendant.*

*First.*—The order is not appealable.

*Second.*—The whole scheme of the statutes for the examination of witnesses on commission, contemplates the issuing of a commission only when an issue of fact is pending and untried, and in no case after a full trial and determination of all the issues of fact, by the finding of a verdict and the entry of judgment thereon (2 *Stat. Edm.*, 409–412; *Laws of* 1862, *chap.* 375).

I. It is only when an issue of fact shall have been joined, and solely for the purpose of disposing of that issue of fact, and to examine witnesses "material in the prosecution or defense of the action," that the court is authorized to award a commission (§ 11).

Upon the settlement of the interrogatories, only "questions pertinent to the cause" are to be allowed (§ 12).

And the only use that can be made of the depositions so taken is, "to offer and use them in evidence on the trial of the cause" (§ 23).

And it being manifest that the statute, as originally expressed, did not authorize a commission to be issued after judgment, there is a supplementary section to meet the case of evidence of foreign witnesses being needed to meet the case of an assessment of damages, which provides that "if an interlocutory judgment shall have been obtained in any action, a commission may be awarded on the application of the plaintiff, in the like cases and in the same manner as if an issue of fact had been joined, and the depositions taken

thereon may be used in evidence on any proceedings to assess the plaintiffs' damages, with the like effect as herein provided in case of trial " (§ 24).

And so the act of 1862 provides for the issuing of a commission after any default taken.

II. The cause having been tried, a verdict found and judgment entered, there is no issue of fact pending in the case. The issue of fact has been tried and disposed of, and no longer exists. No interrogatory as to matters of fact can now be pertinent to the cause. The future " prosecution and defense of the action " is upon the appeal, and the testimony of no witness can be said to be " material " thereto.

III. Nor can it be claimed that the order of the special term was right as an order to perpetuate testimony under the statute. The affidavits do not make a proper case for that relief, and it is not permitted, except to perpetuate the testimony of witnesses within the State.

IV. The court cannot presume that a new trial is to be had any more than that an action not yet commenced will be tried. Until the trial already had is reviewed upon the appeal, every presumption must be in favor of the determination already had.

V. The plaintiff has had his day in court upon the case; has, in fact, had his own time for preparation. He cannot be allowed to try first and prepare afterward.

As to the defendant, the maxim *n m debet bis vexari in eadem causa* applies as fully to protect him from the necessity of preparing for a second trial of an issue which now stands determined, as from being put to the second trial itself under the same circumstances.

VI. This case is a particularly gross one. The plaintiff having had four years for preparation, having examined all the witnesses he chose to, and having been once, by the special favor of the court, allowed to withdraw a juror for the purpose of making further preparation, and after the lapse of another year, having completed his proofs, he brought

the case to trial, and the defendants resting the case upon his own testimony without offering proofs of their own, he obtained a verdict and judgment for his full claim.

In such a case, it is not only without authority of law, but in the highest degree oppressive and unjust to the defendants to put them to the further trouble and expense of examining a score of witnesses upon commission.

Therefore, the order should be reversed entirely.

*Third.*—The re-examination of the witnesses already examined is wholly irregular. No ground whatever is shown for it. It appears that they were fully examined before. No opposition even was offered by the defendants to the facts proved by them. There is no allegation of omission, mistake, neglect, or imperfection in their testimony as it stands upon the record taken *de bene esse* upon a full oral examination. Only the counsel who tried the cause for the plaintiff thinks that "they are not so full and explicit as they should be." Probably no witness was ever examined where conscientious counsel did not, upon subsequent reflection, think of better questions which might have been put—or of questions put which might better have been omitted.

It has long been the settled rule of practice that after the deposition of a witness has been taken upon a commission, and the commission returned, the party cannot have a new commission to re-examine the same witness, merely upon the expectation that he may now swear more definitely than before ; in the absence of any suggestion that the witness has made a mistake, or that new evidence has been discovered (*Raney* agt. *Weed*, 1 *Barb* , 220). Still less should a party be allowed to re-examine witnesses who have already been examined orally *de bene esse* by the counsel of both parties.

*Fourth.*—The issuing of a commission to examine witnesses not named nor described is never allowed. Under special circumstances, which are not shown here, witnesses whose names may not be known, but who are described, may be so examined.

McColl agt. The Sun Mut. Ins. Co.

The only pretext offered for this extraordinary application is, that although he has had five years to procure his testimony, and knew all the time in what class of persons to look for it, the plaintiff has recently been written to by his counsel for the names of the witnesses to prove his case, and his counsel received no answer, or only the name of one witness, by telegraph.

Here is a case of the grossest negligence, and the party applying for such an extraordinary order is always required to show due diligence in finding the names and residences of his witnesses (*Shafer* agt. *Wilcox*, 2 *Hall*, 502 ; *Wright* agt. *Jessup*, 3 *Duer*, 642).

In the latter case, it appeared that the case had been at issue for some months, and had several times been noticed for trial, and this court held " that the general rule that the witnesses must be named in the commission was never departed from, except under very special circumstances, and never when by reasonable diligence the names might have been ascertained ; that the laches, in making the motion, was not excused in the affidavit, and theretore the motion was denied with cost.

(*a*) The affidavit does not show even the existence of any material witness among the unknown parties to be examined.

(*b*) This portion of the order is a mere fishing excursion to catch some shipmaster who, by possibility, may happen into Cow Bay, and be acquainted with the customs of that region five years ago.

The order appealed from should be affirmed with costs.

ANDREWS, *J.*—The order awarding a commission in this case was made at special term, upon the application of the plaintiffs, after judgment and after appeal therefrom by the defendants to the general term, and while the appeal was pending and undetermined.

The right of a party to an action, to have the evidence of

witnesses taken upon commission, and the power of the court to award a commission, depends solely upon the statute.

The statute authorizes the court to award a commission for the examination of foreign witnesses whenever an issue of fact shall have been joined, and it shall appear that the witness to be examined is "material in the prosecution or defense," of the action (2 *Rev. Stat.*, 394, *sec.* 11).

In settling the interrogatories to be attached to the commission, each party may insert any question "pertinent to the cause" (*sec.* 12).

And the examination and deposition taken may be "used on the trial of the cause" (*sec.* 23)

We are of opinion that under this statute, where an issue of fact has been joined, a commission is not authorized to be issued, unless the issue of fact is depending when the application is made, and the right to a trial of the issue appears upon the record.

This is not the condition of a case pending on appeal after trial upon the merits, and after judgment. The issue of fact is then determined, and is merged in the judgment.

The reversal of the judgment may require a new trial o the action, but this event is uncertain.

There is no present right to a trial and there may never be such right, and the presumption is in favor of the validity of the judgment.

It cannot be made to appear upon the application in such case, that the witness whose examination is sought, "is material in the prosecution or defense of the action.

Its further prosecution depends upon the judgment of the appellate court.

If the right to award a commission exists, pending an appeal from the judgment, then it may be awarded although the appeal is pending in this court.

Such a power is not within the contemplation of a statute, and the power of the court in which the trial is to be

McColl agt. The Sun Mut. Ins. Co.

had to issue the commission, can only be exercised before trial and judgment.

It may be that it would be in furtherance of justice to extend the statute so as to embrace causes like this, but it is to be considered that it would subject the prevailing party in the judgment to the trouble and expense of joining in the commission, with a view to a new trial, although judgment had passed in his favor.

The order appealed from should be affirmed with costs.

GROVER, *J.*, dissenting, RAPALLO, *J.*, not voting.