### LANAHAN et al. v. DREW.

*(City Court of New York, General Term. February 8, 1892.)*

OPENING JUDGMENT—REARGUMENT OF MOTION—ESTOPPEL OF PLAINTIFF.

Plaintiff's right to a reargument and resettlement of an order opening a judgment by default will not be lost by their acceptance of costs ordered to be paid by defendant, receiving his answer, and excepting to the sufficiency of sureties to the undertaking for the opening, under Code Civil Proc. § 724, which provides that the court may "in its discretion" relieve a party from an "order" taken against him through his mistake, inadvertence, surprise," etc.

Appeal from special term.

Action by Samuel J. Lanahan and another against Edwin Drew. Defendant moved to open a judgment by default, which motion was granted. After-

wards plaintiffs moved for a reargument of defendant's motion. Plaintiffs' motion was granted, and defendant appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and FITZSIMONS, JJ.

*R. W. Hawkesworth,* for appellant. *Thomas D. Robinson,* for respondents.

VAN WYCK, J. These are appeals from two orders entered by plaintiffs. The plaintiffs sued upon a note made by defendant to order of plaintiffs. The defendant was in default by reason of his failure to answer in time, and moved originally to open the default and set aside the judgment entered thereon upon affidavits showing that his default was due to mere mistake and excusable neglect, and on his proposed answer by which he denied the making and delivery of the note, and alleged that if he did make it the same was duly paid at maturity, and that plaintiffs' cause of action on the note was barred by the statute of limitations. This motion was granted upon condition that defendant pay $10 costs, and give an undertaking to secure plaintiffs' recovery. Defendant entered an order thereunder, which was subsequently resettled by consent so as to conform to the decision, whereupon defendant paid the $10 to and served the answer and undertaking upon plaintiffs' attorneys. The plaintiffs then moved for a rehearing and reargument of the original motion upon all the papers used on the motion, and on affidavits setting forth new and additional facts, and in which their counsel averred that he had returned the $10, and the answer to defendant's attorney, who, however, denied the same, but admitted that the $10 had been offered to him, and left by plaintiffs' attorney upon his office desk, but was again returned. The judge who had heard the original motion granted a rehearing and reargument, to be heard on November 9th; and the order of October 14th, which is one of the orders appealed from, was duly entered thereon, but against which defendant fully objected. The rehearing was had as ordered, and the order of November 9th, the other order appealed from, was entered, and so modified the original order as to preclude the defendant from pleading the statute of limitations. The defendant's counsel concedes that the court had the undoubted right under the original motion to grant defendant's application to the favor and discretion of the court upon condition that he would not plead the statute of limitations. This right rests in the discretion of the court, and, when exercised at special term, either by imposing or refusing to impose such inhibition as a condition for opening a default, will be respected and sustained at general term; and thus it sometimes happens that in such cases judges of the same court rule differently at special term, yet each are sustained at general term. At common law the right of the court to rehear discretionary motions was absolute, and is so now. The rule as to discretionary motions is correctly stated by Judge CLARKE, in *White* v. *Munroe,* 33 Barb. 654, where he says: "It is entirely in the discretion of a court to hear a renewal of a motion or not. They can, as they may deem it advisable, hear it on precisely the same papers." This case is cited with absolute approval in *Belmont* v. *Railway Co.,* 52 Barb. 643, by the judge there writing, who makes the most complete and masterly review of the authorities upon this subject that is found in our reports. Of course, there are some orders which are conclusive, not as to a fact which might have been litigated, but only as to one which actually had been litigated, and on which there had been a full hearing; but a party may, upon leave, renew a motion upon a different state of facts, or by supplying defects in proof. These two orders appealed from were discretionary, and, moreover, the application for a reargument was based on affidavits showing a different state of facts than was disclosed on the original motion, and also supplying defects in proof. The appellant's counsel contends that the right of the judge who heard the original motion to grant a reargument and rehearing to plaintiffs had been lost because the plaintiffs had consented to a reset-

tlement of the original order, and had accepted the benefits of the order by receiving the $10 and the answer, and by excepting to the sufficiency of the sureties to the undertaking. The successful party to a motion may enter the order, but if he fails to do so the adverse party may enter the same without in any way impairing his right to appeal therefrom; and so, too, if the order, as originally entered by the successful party, does not conform to the decision, the adverse party may move for a resettlement, which, if granted, will not deprive him of appeal, nor of his right to move for a reargument of the motion. And why should he be deprived of either of these rights simply because he submits an order to his adversary, who, admitting his own fault in entering an improper order, consents to the order submitted, and which, in order to have entered without notice, the party aggrieved must consent to, and especially when the order, as resettled in this case, by consent recites that the motion was granted against plaintiffs' objection? All that these plaintiffs have consented to by reason of such resettled order is that it is in conformity with the original decision by which he is aggrieved, and to which he has the right of continuing his objection by appeal, if the order is appealable, and if not, then by leave to reargue even upon the original papers alone, and, whether appealable or not, for leave to reargue upon new or additional papers, which show a different state of facts than those litigated in the original motion. The defendant's counsel contends with great vigor that the acceptance by plaintiffs' counsel of the $10, and the answer (although returned as averred by plaintiffs' counsel) precludes him from asking and obtaining a rehearing and reargument of the motion opening the default, and directing the payment of the $10, and robs the court of its inherent power to grant such rehearing, and which power is expressly recognized by section 776 of the Code, which provides how, when an order has been granted, "a subsequent application in reference to the same matter, and in the same stage of the proceedings, shall be made." And in support of this contention he relies upon the decision in *Platz* v. *City of Cohoes*, 8 Abb. N. C. 393, which was affirmed in 79 N. Y. 620, and which undoubtedly lays down the correct and established practice as to appeals to the general term; for it held that where, on plaintiffs' motion, a verdict against defendant was set aside on the ground of inadequacy, and upon condition that he pay defendant $75, which was paid and accepted, was a waiver of defendant's right to appeal therefrom, even though he had offered to return it. This case does not hold, even, that defendant could not be relieved from "his mistake, inadvertency, surprise, or excusable neglect" in submitting to the order taken against him, but held that his practice was wrong, and that he could not seek nor find such relief at general term by appeal. Of course, that is good law and the best practice, for he should have sought relief by a rehearing and a reargument, from "the same judge or the court" as provided in section 776 of the Code, which means the court which heard the original motion, and not the general term, and if he, his counsel, or the court entertained any doubt as to the right to relief under that section, why they could have turned to section 724 of the Code,[1] that monument to mercy erected in recognition of the fallibility of man, and ample authority would have been found to relieve him from his mistake or excusable neglect. It was to this section that the defendant, the appellant in the case at bar, turned and sought and found relief from his mistake and excusable neglect, and as it served him so let it serve his adversary. The orders appealed from are affirmed, with $10 costs of each motion. All concur.

[1] Code Civil Proc. § 724, provides: "The court may likewise, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding."