CHARLES M. O'NEIL, Respondent, *v.* JANE HESTER, Appellant.

*The denial of a motion for leave to amend an answer is discretionary — a decision as to a doubtful point of law is not a sufficient reason for an amendment — laches.*

An order made by the Special Term of the Supreme Court, denying a motion made by the defendant in an action for leave to amend his answer, rests entirely in the discretion of the Special Term, and unless upon appeal the court can see that there was an abuse of discretion on the part of the Special Term such order will not be reversed.

While newly discovered facts may justify the amendment of a pleading, it is doubtful whether the promulgation of a decision, settling a question of law theretofore unsettled, furnishes any sufficient reason for the allowance of an amendment of a pleading to meet such new conditions.

A delay on the part of a defendant in an action in making a motion to amend his answer may, in the discretion of the judge hearing the motion, furnish a sufficient reason for the denial thereof.

APPEAL by the defendant, Jane Hester, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Ulster on the 2d day of July, 1894, denying the defendant's motion for leave to amend her answer and for an order requiring the plaintiff to reply thereto.

*A. T. Clearwater* and *William C. De Witt*, for the appellant.

*Brinnier & Newcomb* and *John E. Van Etten*, for the respondent.

MAYHAM, P. J.:

The complaint in substance alleges that Mary V. O'Neil, at the time of the commencement of this action, was, and for more than twenty years had been, the plaintiff's wife, with whom he lived happily, and that during the years 1887, 1888 and 1889, while he was so living with his wife, the defendant, who was his wife's mother, intending to injure plaintiff and deprive him of the comfort, society and aid of his wife, wrongfully induced her to refuse to live and cohabit with the plaintiff, and to insist upon the plaintiff leaving her house, and by her threats of disinheriting her daughter induced and caused a separation between the plaintiff and his wife, and induced plaintiff's wife to refuse to live and cohabit with him, and claimed damage in the sum of $30,000.

The original answer in substance denied the allegations of the complaint, alleged that the refusal of plaintiff's wife to live with him was her own voluntary act, and was not caused or procured by the defendant, alleged want of support by the plaintiff of his wife, and unkind and improper treatment of her by the plaintiff.

The action was once tried, and the trial resulted in a disagreement of the jury. On the case being moved for a second trial the defendant's attorney obtained from the judge holding the Circuit an order to show cause, returnable in term, why the defendant's answer should not be amended by incorporating therein an allegation that the plaintiff and his wife, by an instrument in writing and under seal, dated the 27th day of September, 1889, made a voluntary agreement of separation, and that ever since that time had, pursuant to that agreement, lived separate and apart, and that the plaintiff had thereby voluntarily relinquished the comfort, society and assistance of his wife.

On the return of that order and on the hearing of that motion the trial judge denied the same, with costs, but without prejudice to the renewal of the same by the defendant. On the 29th day of June, 1894, the defendant renewed the motion to amend her answer on notice and all the proceedings in the action, and upon the affidavit of the defendant's attorney setting forth, among other things, as a reason for the renewal of the motion, the decision in a recent case promulgated since the decision of the former motion, that such

voluntary contract of separation constituted a complete bar to the action of the plaintiff.

The Special Term again denied her motion, and from the order denying the same the defendant appeals.

Without stopping to inquire whether as an original proposition we would have granted the motion to amend, we think that there are two valid reasons why we must affirm this order.

*First.* The order was, we think, purely in the discretion of the judge at Special Term, and unless the court can see that there was an abuse of the discretion, an order granting or refusing an application to amend will not be reversed on appeal. (*Sayre* v. *Frazer*, 47 Barb. 26; *Denis* v. *Snell*, 54 id. 411; *Rosenwald* v. *Hammerstein*, 12 Daly, 377.)

There is no pretense in this motion that the existence of the contract proposed to be set up was not known at the time of the service of the original answer, which was served several years before this motion to amend, and while newly discovered facts may sometimes justify the amendment of a pleading, it is doubtful whether the promulgation of a decision settling a question of law hitherto unsettled, furnishes any sufficient reason for the allowance of an amendment of a pleading to meet such new conditions.

*Second.* The delay of the defendant in making the motion to amend might, in the discretion of the judge hearing the motion, furnish a sufficient reason in the exercise of his discretion for the denial of this motion. Even if it be held that newly-promulgated law may furnish a reason for the allowance of an amendment, the motion should be promptly made.

The case to which the defendant refers in the moving affidavit was affirmed in January, 1893 (*Buckel* v. *Suss*, 21 N. Y. Supp. 907), and the notice of this motion bears date June 14, 1894, a period during which fifteen regular Special Terms had been held in this district at Albany, and four times that number of Special Terms at Chambers in the third judicial district, at which this motion might have been heard.

Under such circumstances we cannot hold that the learned judge at Special Term abused his discretion in denying this motion.

Order affirmed, with ten dollars costs and disbursements.

PUTNAM, J.:

Concurring in the views expressed in the foregoing opinion, I also think that the order appealed should be affirmed, because an amendment of the original answer of defendant was not called for. Under that answer the agreement of September 27, 1889, can be properly read in evidence by defendant, and will answer any claim of damage for acts of defendant subsequent to its execution.

The learned counsel for the appellant is, I think, mistaken in his assumption that if the agreement in question was set out in the amended answer and admitted in the reply, another trial before a jury would be obviated. The agreement does not release damages already accrued to plaintiff at the time of its date. The alleged wrongful acts of defendant for which the action was brought accrued in 1887, 1888 and 1889. In the affidavit of plaintiff, read by defendant as part of her moving papers, he said that the cause of action accrued during three or four years prior to the execution of said agreement, and was consummated and completed two years prior thereto. Hence, as the agreement does not attempt to release past damages, if it was set out in the answer and admitted in the reply, the case would go to a jury, although on trial the judge might hold that no damages could be recovered for acts of defendant subsequent to the execution of the instrument.

Under the present answer the agreement can be introduced in evidence with the same effect by the defendant. The plaintiff cannot recover for acts of the defendant after the date of the agreement, and the defendant will be entitled to an instruction by the court to the jury to that effect. Hence, the rights of defendant are as well preserved under the present pleadings as they would be under the proposed amended answer.

HERRICK, J., not acting.

Order affirmed, with ten dollars costs and printing and other disbursements.