Wehrkamp v. Willet.

---

---

ELLA E. B. WEHRKAMP *v.* JAMES C. WILLET, *Sheriff, &c.*

Although a new trial will not be granted on evidence merely contradicting the testimony on which the verdict proceeded, discovered subsequent to the trial, yet where the facts, on which the witnesses for the prevailing party founded themselves, are falsified by the affidavits produced on the motion, it affords a sufficient ground for ordering a new trial.

In an action by a married woman against the sheriff for taking certain personal property, claimed by her to be her separate estate, upon a judgment and execution against her husband—*Held*, that her testimony on the trial tending to show her ability to purchase the property claimed, with moneys of her own, and independent of her husband, was material to the issue.

And where it is shown beyond dispute, by affidavit, on a motion for a new trial, that her testimony on that point was false—*Held*, sufficient ground for granting a new trial.

APPEAL by
Special Term,

The action
William O. W
taking certain
separate estate
husband. Th
the principal
estate.

The jury fo
of the propert

On the mot
an affidavit se
by all that pa
sion of money
loaned money
by an account
tiff had no mo
the trial ; also
covered.

The motion
this determina

HILTON, J.—
*Lister* v. *M*
that, though
contradicting
ceeded, disco
facts on which
themselves we
motion, it affo

In the pre
in the Blue
the carpets of
to pay him so
ence from h
husband boug
amount in th
had she been

Wehrkamp v. Willet.

Henry H.
nt of this
l here for

might be
a creditor,
r all other

.lace, but
his place
e cannot
s original
.Iimore's
1 Wend.
:ghton v.

£ by re-
the Re-
made in
.e plain-

&c.

r.dicting
::: to the
::g party
::tion, it

:in per-
::ent and
:.l tend-
::.eys of

: a new
::.1 for

APPEAL by plaintiff from an order made by Judge Hilton at Special Term, granting a new trial.

The action was brought by the plaintiff, who is the wife of William C. Wehrkamp, against the defendant as sheriff, for taking certain personal property, claimed by her to be her separate estate, under a judgment and execution against her husband. The plaintiff was a witness in her own behalf, and the principal one to prove the property to be her separate estate.

The jury found a verdict for the plaintiff, assessing the value of the property at $600.

On the motion for a new trial, the defendant's counsel read an affidavit setting forth that defendant was taken by surprise by all that part of plaintiff's testimony relating to her possession of money in the savings bank, and her ability to have loaned money to her husband. He also read an affidavit made by an accountant of the savings bank, alleging that the plaintiff had no moneys in the bank at the time testified by her on the trial; also an affidavit that this testimony was newly discovered.

The motion for a new trial was granted. The reasons for this determination were stated in the following opinion :.

HILTON, J.—I think this case falls within the rule stated in *Lister* v. *Mundell* (1 Bos. & Pul. 429). The Court there held that, though it was unusual to grant a new trial on evidence contradicting the testimony on which the verdict had proceeded, discovered subsequent to the trial, yet, as the very facts on which the witnesses for the prevailing party had founded themselves were falsified by the affidavits produced on the motion, it afforded a sufficient ground for ordering a new trial.

In the present case, the plaintiff testified that she had money in the Bleecker Street Savings Bank at the time she bought the carpets of Doughty, and that she checked out of the bank to pay him some of his bills; and I think, also, the fair inference from her testimony is, that in December, 1857, when her husband borrowed the $600 from Carpenter, she had at least that amount in the bank, and could have loaned it to her husband had she been so disposed, and her evidence, it seems to. me,

Wehrkamp v. Willet.

was intended to create such a belief in the minds of the jury. It certainly has that effect upon me.

It cannot be denied that these were statements of material facts, because they showed her ability to purchase the property claimed, with moneys of her own, and independent of her husband. That they were false is beyond dispute, as it is shown that her account with the bank was closed March 12th, 1857, by her drawing out the entire balance then remaining to her credit, and since that time she has had no money there.

I think it would be a dangerous precedent to permit a verdict to stand which was predicated almost wholly upon the evidence of a party in interest who thus testified. *Marshall* v. *Union Ins. Co.*, 2 Wash. C. C. R., 411; *Tuttle* v. *Cooper*, 5 Pick. 414; 3 *Graham & Waterman on New Trials*, 1080; *The People* v. *Superior Court*, 10 Wend. 285. Motion for new trial granted.

The plaintiff appealed to the General Term.

*C. Bainbridge Smith* for appellant.

I. In the case of *Lister* v. *Mundell*, 1 Bos. & Pul. 429, upon which the Judge relied in granting the motion, the facts on which the witnesses had founded themselves were shown to be false. In the case at bar, the affidavits, instead of showing the facts on which the verdict was founded to be false, establish that the plaintiff had a separate estate. The contradiction, if any, is merely to a collateral fact, brought out by the defendant himself, and not touching the point in issue.

II. To grant a new trial on the ground of newly discovered testimony, (1.) The testimony must have been discovered since the former trial. (2.) It must appear that the new testimony could not have been obtained with reasonable diligence on the former trial. (3.) It must be material to the issue. (4.) It must go to the merits of the case, and not to impeach the character of a former witness. (5.) It must not be cumulative. 1 Gra. & Wat. on New Trials, 462, 496; *Bunn* v. *Hoyt*, 3 Johns. 255; *Shumway* v. *Fowler*, 4 *Id.*, 425; *Duryee* v. *Dennison*, 5 *Id.*, 248; *The People* v. *The Superior Court*, 10 Wend. 285; *Harrington* v. *Bigelow*, 2 Den. 109; *Fleming* v. *Hollenback*, 7 Barb. 271.

Wehrkamp v. Willet.

III. The newly discovered testimony does not establish *a new fact.* At most, it contradicts former evidence. In that point of view, the testimony is not material. *Halsey* v. *Watson*, 1 Caines, 25.

*A. R. Dyett*, for respondent.

I. Our affidavits show no want of diligence, and make out a clear case of surprise.

II. The Court will not grant a new trial to *impeach a witness*, but they will to contradict one, by showing that the fact he swore to *did not exist*, which is this case. Indeed, here the new evidence contradicts the *party-witness*, and shows that material matters of fact sworn to by her *could not have existed* (the strongest sort of evidence), and that she knew they were false when she uttered them:—so that the principle—*falsus in uno falsus in omnibus*—would entirely destroy her whole evidence, without which the defendant would be entitled to a verdict as a *matter of law.*

By the Court.—Hilton, J.—We think the fact whether the plaintiff had money in the savings bank at the time stated by her was material, and the facts shown by the affidavit, if known at the time, might have produced a very material effect on the minds of the jury. She was testifying to her pecuniary ability, and, to fortify her evidence, referred to the fact of her having bought the goods on credit, because she wanted to secure the interest on her money then in the savings bank. This circumstance was a material one tending to strengthen her evidence with the jury, and was denying a fact upon which she founded her statement respecting her ability to purchase and pay for the property in question.

How far it influenced the jury, of course we cannot say, but it is a material fact in the case, newly discovered, and falls within the case cited in the opinion at Special Term.

Order affirmed.