'CHARLES HUEBNER, Respondent, *against* CLINTON ROOSE-
VELT, Appellant.

(Decided April 2d, 1877.)

A witness cannot be impeached by showing that certain circumstances to which he
has testified on the present trial were omitted by him when testifying concerning
the same occurrence on a former trial of the action, unless at the former trial the
attention of the witness was particularly called to the circumstances which he then
omitted to state.

Where on the trial the defendant had been the only witness as to the terms of a
verbal agreement that the defendant alleged had been made between himself and
the plaintiff, and the jury having found against him on the issue as to whether such
an agreement had ever been made ; on a motion for a new trial, on the ground of
newly-discovered evidence, the defendant produced the affidavit of a person who
swore to having heard such an agreement discussed between the plaintiff and
defendant, and the plaintiff express a willingness to make it, and the defendant
also swore that he had forgotten that the witness was present at any such
conversation (which was eleven years before the trial), and that he was only
reminded of it by the witness informing him of it after the trial. *Held,*

1. That although the defendant had testified generally to the making of the agree-
ment, yet, as no testimony had been offered as to this particular interview, the
testimony was not cumulative.

2. That the defendant's excuse for not having produced the witness on the trial
was reasonable, and that the evidence was of such a nature and weight under the
circumstances as warranted the granting of a new trial.

APPEAL by the defendant from a judgment of this court
entered on the verdict of a jury after a trial before Chief
Justice CHARLES P. DALY, and also from an order made at
special term by Judge ROBINSON, denying a motion for a
new trial on the ground of newly-discovered evidence.

The action was to recover from the defendant $300 as a
year's rent for a portion of the fourth floor of No. 23 Cham-
bers street, in the city of New York, being from May 1st,
1866, to May 1st, 1867.

The defendant admitted having occupied the premises for
the period named, but alleged in his answer, and as a witness
on his own behalf, on the trial, swore that at the time he

entered into possession of them, on May 1st, 1866, the plaintiff was indebted to him in the sum of $1,000 and upwards for the rent of the fifth floor of the same No. 23 Chambers street, which the plaintiff had, during the years from 1857 to 1866, rented from the defendant, who then had a lease of it from the owner; and that in 1866, when the plaintiff became the lessee from the owner of the whole building, it was agreed that the defendant should occupy the rooms on the fourth floor, for which the plaintiff claimed rent in this action, and that the reasonable value of such use and occupation should be credited on what was due from the plaintiff to the defendant.

The jury found a verdict for the plaintiff. The defendant was the only witness produced on the trial who swore to the agreement alleged in his answer, but, after verdict on the motion for a new trial on the ground of newly-discovered evidence, he produced the affidavit of one Horatio D. Sheppard, a physician, which was as follows:

" That he has known Clinton Roosevelt, Esq., since the year 1832. That, in the latter part of the year 1865, deponent was in defendant's office, at 23 Chambers street, New York City. Charles Huebner, plaintiff, came into defendant's office. Plaintiff asked deponent how he got on in his business; plaintiff replied, "Not very well." Defendant then asked plaintiff how he got on with the *other* business. Deponent learned from the conversation that it was some business deponent had given him. Plaintiff said he done *something*, but it did not now amount to much. Plaintiff appeared to be in trouble for the want of sufficient employment to give him a living. Defendant then said, I think I can put you in a way to get along. You take the lease of this house. I will recommend you to the landlord; you collect the rents which I neglect or fail to do, because I am too easy. The tenants plead hard times, and say they cannot pay. If you collect faithfully you will have a clear profit, and have the attic floor where you live and my office free. Let the future rents of my office go to pay your indebtedness to me. When that indebtedness is paid, you

will then have a place to live in and a clear income from the profit of this building. This, with the pay your wife will get for cleaning, caring for and lighting the fires in the offices; you will get along well. Plaintiff expressed himself as well pleased with defendant's propositions, and expressed much gratitude therefor, and said he would enter upon their execution as soon as they could be brought about."

The defendant also made affidavit that on account of the time that had elapsed since the agreement between himself and the plaintiff (the action was commenced in 1871, but the trial on which this verdict was rendered was on December 7th, 1876) he had entirely forgotten that Sheppard was present at any such conversation, "until by some accident said Sheppard learned, soon after said case had been decided, the result, and then called upon the deponent and inquired whether the facts set forth in his said affidavit were material to the issue, and being informed they were, made said deposition which was subscribed and sworn to by him."

*Dan Marvin*, for appellant.

*Max C. Huebner*, for respondent.

VAN HOESEN, J.—The plaintiff was examined as a witness on his own behalf, and when cross-examined by defendant's counsel, was asked with respect to a material statement, " Did you ever tell that before on any trial of this cause; if so, when and where?" The court sustained an objection to the question, and the defendant excepted. The defendant argues that the presumption is that the question would have been answered in the negative, and would have convicted the plaintiff of inventing a falsehood to make out his case, and thus have made his whole evidence unworthy of credit. A witness cannot be impeached by showing that on a former trial, when testifying on the subject under investigation, he omitted to state circumstances which he details on the pending inquiry. It is no contradiction, unless the attention of the witness was, at the former trial, called particularly to the

matters which he then omitted to state. (*Commonwealth* v. *Hawkins*, 3 Gray, 463.) The defendant's exception to the refusal of the court to allow him to show how much he paid Mrs. Huebner for her services as janitress for the year 1866–1867 is not well taken. The question was not material to any issue raised by the pleadings. The only remaining exception is untenable, because it was purely a matter of discretion with the judge at the trial to admit on the rebuttal evidence which ought properly to have been offered by the plaintiff before he first rested his case.

We have noticed the exceptions, because we are satisfied that upon the trial there was no error committed by the learned chief justice who presided. We think, however, that a new trial ought to have been granted upon the motion made upon the ground of newly-discovered evidence. The affidavit of Dr. Sheppard shows that he was present at a conversation in the latter part of the year 1865, at which an agreement was made between the plaintiff and the defendant that the rent of the office occupied by the latter was to be offset by the indebtedness of the plaintiff to him, under the new arrangement then agreed to. Although the defendant had testified generally to such an agreement, no testimony was offered on the trial relating to this particular interview at which Dr. Sheppard was present, and under the case cited below the testimony was not cumulative. (*Simmons* v. *Fay*, 1 E. D. Smith, 114; *Wehrkamp* v. *Willett*, 1 Daly, 4; *Oakley* v. *Sears*, 1 Abb. Pr. N. S. 368.) The defendant's excuse for not producing Dr. Sheppard as a witness was reasonable; eleven years having elapsed between the interview mentioned in Sheppard's affidavit and the time of the trial of this action. The order and judgment should be reversed, and a new trial granted, with costs to abide event.

JOSEPH F. DALY and LARREMORE, JJ., concurred.

Judgment reversed and new trial ordered.