RANDALL *v.* PACKARD.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. NEW TRIAL—SURPRISE.
   Where one party goes to trial without material evidence, the existence of which he has learned before trial, and, on the other testifying adversely, takes the chances of a verdict without applying for a postponement to procure such evidence, a new trial will not be granted on the ground that he has since obtained such evidence.

2. SAME—PERJURY OF ADVERSE PARTY.
   Where one party gives false testimony on a material point, a new trial will not on that account be granted, if the other party had some information as to the true facts, and came to court unprepared to establish them.

3. SAME—QUESTIONS OF LAW.
   A new trial will not be granted if the alleged false testimony involved questions of law as well as of fact, so that perjury cannot be absolutely predicated of it.

Appeal from special term.

Action by Samuel H. Randall, an attorney, for professional services, against George W. Packard. Judgment for plaintiff. From an order denying a new trial, defendant appeals. Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

*Theodore R. Shear,* (*Wheeler H. Peckham,* of counsel,) for appellant. *Samuel H. Randall, in pro. per.*

DALY, C. J. The plaintiff is a lawyer, and the action was brought for professional services. The value of the services was disputed, and the professional standing of plaintiff was material upon that issue. Upon cross-examination he was asked, "Were you a member of the bar in Boston?" He answered that he was. He was then asked, "Are you now?" He answered, "I am." He was then asked, "Never disbarred in Boston?" to which he replied, "Never. I brought a certificate when I left Boston, from the clerk,— from the chief justice,—which I have in my hat. I was a member of all the courts." No further inquiry was made on this point, and the defense did not offer any evidence to contradict the plaintiff. A verdict was rendered in his favor for a part of the sum claimed, and judgment entered thereon. This motion for a new trial is based upon the record of a decision of the superior court of Suffolk county, Mass., at the October term, 1864, finding that the plaintiff had violated his oath of office as an attorney at law, and was guilty of malpractice and gross misconduct in his said office, and adjudging and ordering that for these causes he was removed from the office of an attorney at law within that commonwealth ; and the ground of motion is that the plaintiff testified falsely in denying that he had ever been disbarred. It appears from an affidavit of defendant's attorney that before the trial he had heard various rumors about the plaintiff having been disbarred, at some time, in Boston, but was unable to procure evidence of the fact. It also appeared that no application was made by defendant at the trial, on the ground of surprise, for a postponement, to procure evidence contradicting the plaintiff, but, on the contrary, that defendant pressed the trial of the cause. It would seem, therefore, that defendant, having taken the chances of a verdict without the important evidence, of the existence of which he had heard, should not be permitted a second trial, and that this motion was properly denied.

As the plaintiff's professional standing was of moment in the case, the defendant should have been prepared with evidence upon that point, and the only competent evidence of a judicial proceeding for disbarment was the production of an authenticated copy of the record, if in existence. He had no right to go to trial relying upon the chance of extracting from the plaintiff, upon cross-examination, admissions which would dispense with the production of the proper proofs. And if he did so, and his adversary, instead of admitting, denied the fact sought to be proved, it would not afford ground for a new trial. The fact that the adversary's evidence is different from what it was supposed it would be is not sufficient. 16 Amer. & Eng. Enc. Law, 544, and cases cited. But if a party were justified in relying upon the candor of his adversary, and met with disappointment, then his only proper course would be to plead surprise, and ask for a postponement in order to procure his evidence. *Messenger* v. *Bank,* 6 Daly, 190. This motion is, in effect, a motion for a new trial for surprise and newly-discovered evidence; and as the evidence now produced was not unknown to the defendant, and he might have had, if he had chosen to ask for it, all the time needed to procure it, before finally submitting his proofs, the current of decisions requires a denial of the motion. The *data* upon which to seek for the record might easily have been ascertained by following up the cross-examination of the plaintiff with more precise and particular questions as to his career at the

Boston bar. It is true that a defendant may have a new trial when he discovers, after verdict, that the plaintiff has testified falsely in his own behalf upon a material point. *Wehrkamp* v. *Willet*, 1 Daly, 4. But this is only when the defendant could not be prepared with evidence to contradict such testimony. Here, the defendant was prompted to ask the questions, which elicited the alleged false denials of plaintiff, by knowledge and belief as to the very fact inquired of, and which it was his duty to come prepared to establish.

In this particular case there is a further consideration: the alleged false testimony or denial is not as to a matter purely of fact, but involves the opinion of the witness upon the effect of a legal proceeding. He was not asked whether a decision of the character above referred to had been rendered by the superior court of Suffolk county, or by any judge thereof, but whether he had ever been disbarred in Boston, which question implicated a legal construction of the effect of that decision as an order or judgment, as well as the regularity of the proceeding in which it was rendered. Upon all the points the witness claims to have an opinion adverse to the effect claimed by the defendant for the record in question, and argues the point upon his brief. It is not necessary to examine it here. It is sufficient to say that the question put to him, and which he answered in the negative, involved a question of law as well as of fact, and perjury could not be absolutely predicated of his answer. Order affirmed, with costs. All concur.